## STATE v McGEE
## STATE v CAMPBELL

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 16718 & 16719. Decided March 11, 1938

Frank T. Cullitan, Cleveland, Chas. J. McNamee, Cleveland, for plaintiff-appellee.

W. J. Corrigan, Cleveland, Elmer McNulty, Cleveland, Wm. E. Minshall, Cleveland, for defendants-appellants.

## OPINION

By THE COURT

John McGee and Donald A. Campbell were convicted by a jury on an indictment charging a felony. The trial court sentenced each of them to be imprisoned in the Penitentiary of Ohio. An application was made to the trial court to suspend the sentence pending appeal to the Court of Appeals and to admit each of the defendants to bail pending such appeal.

Both applications were denied by the trial judge. Each of these defendants, after perfecting an appeal to this court, made application to this court similar to the applications which were denied by the trial judge.

The first question we are called upon to determine is whether or not this court should enter an order of suspension of sentence pending the appeal in this court and its final judgment.

We are of the opinion that there is power in the Court of Appeals to suspend sentence pending the appeal proceeding.

Sec 13459, GC, provides:

"Suspension of sentence in criminal cases: Upon filing such appeal in the Supreme Court, the execution of sentence in cases of felony shall be thereby suspended, and in cases of misdemeanor the court or judge allowing the motion may order such suspension. Appeals in other courts shall not suspend execution of sentence, except in capital cases where such suspension must be for good cause shown, on motion, and on notice to the prosecuting attorney of the proper county, ordered by a majority of the judges of the Court of Appeals of the county and in other cases in such court by one judge thereof, and in the Court of Common Pleas by one of the judges thereof."

(116 C. H. 42; 113 v 213, ch. 38, §8, eff. Jan. 7, 1936).

This section clearly makes a distinction between capital cases and other cases. In capital cases the suspension of sentence must be for good cause shown on notice to the prosecuting attorney and ordered by the majority of the judges of the Court of Appeals. In other cases such suspension may be by one judge thereof.

To give a defendant the right of appeal without suspending the sentence imposed by the trial court pending the appeal would seem like an idle proceeding. A right of appeal from a conviction reasonably carries with it the need of staying and halting all further proceedings until the appeal has been finally determined by the Court of Appeals.

As to the application made to this court to admit the defendants to bail, we are of the opinion that this power was lodged by the Legislature in the trial court only.

The Supreme Court of Ohio laid down the rule in the case entitled **In Re Thorpe**, decided December 16, 1936, **132 Oh St 119.**

In the case of **Halsey v State,** reported in **124 Oh St 318,** Chief Justice Marshall said:

"The other sections of the Criminal Code provide for the increasing or reducing of criminal bonds which have been ordered in the trial court but the Code contains no provision for the Court of Appeals fixing the amount of recognizance or admitting persons to bail who have not been so admitted in the trial court."

The Court of Appeals has no original authority to fix bail on appeal after conviction.

It is our conclusion therefore that the application for suspension of sentence pending the determination of the appeal to this court is granted, and that the application to admit the defendants to bail is overruled. Exceptions may be noted.

LEVINE, PJ, TERRELL and LIEGHLEY, JJ, concur.