THE STATE OF OHIO, APPELLEE, *v.* COOK, APPELLANT.

(No. 2061—Decided June 11, 1942.)

*Mr. A. C. L. Barthelmeh,* prosecuting attorney, for appellee.

*Mr. Norman E. Clark* and *Mr. Adolph Unger,* for appellant.

MONTGOMERY, J. There is presented to us an application to suspend the execution of the sentence heretofore imposed by the Court of Common Pleas upon the appellant, and to admit her to bail pending final determination of this cause in this court, to which an appeal has been perfected from the order of conviction.

The sentence imposed upon the appellant was that

she "be confined in the Ohio Reformatory for women at Marysville, Ohio, for an indeterminate period until she is reformed, pardoned, paroled, or otherwise released according to law on each of the two counts contained in the indictment." Accused had been indicted and convicted on two counts for second degree murder.

Arguments of counsel turned upon the proper construction of Section 13453-1, General Code, and upon the question of whether or not the punishment actually imposed upon the accused was life imprisonment. Taking the view which we do, it is unnecessary to pass upon this second proposition.

Section 13453-1, setting forth the circumstances under which execution may be suspended and recognizance ordered, is directed toward the trial court and not toward the reviewing courts.

In the case of *Municipal Court of Toledo* v. *State, ex rel. Platter,* 126 Ohio St., 103, 184 N. E., 1, it was held in the third paragraph of the syllabus:

"The trial courts of this state do not have the inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute."

For the same reason it should be held, and we do hold, that appellate courts have such authority in these matters as is authorized by statute, and no other authority. Section 13459-8, General Code, authorizes suspension of sentence in criminal cases and regulates the details. It does not authorize a reviewing court to fix bail.

In the case of *In re Halsey,* 124 Ohio St., 318, 178 N. E., 271, 77 A. L. R., 1232, it was held in paragraph one of the syllabus:

"Section 9 of the Ohio Bill of Rights guarantees the right to bail only before judgment of conviction in the trial court."

Chief Justice Marshall, in the course of his opinion, on page 320, says:

"Other sections of the Criminal Code provide for increasing or reducing bonds which have been ordered in the trial court, but the Code contains no provision for the Court of Appeals fixing the amount of a recognizance or admitting persons to bail who have not been so admitted in the trial court."

And, further on in the opinion, the court says:

"Upon reason and principle, it would seem that it could not have been in the mind of the constitutional framers to admit to bail in cases after conviction, except in the discretion of the trial judge."

Then follows a discussion of the propriety and justification for such holding.

Again, in the case of *In re Thorpe,* 132 Ohio St., 119, 5 N. E. (2d), 333, the Supreme Court repeated the proposition that the provisions of the Ohio Constitution guaranteeing the right to bail "are not effective subsequent to judgment of conviction in the trial court."

And the second paragraph of the syllabus in the *Thorpe case* is:

"One convicted of a felony is not entitled as a matter of right to be admitted to bail or to have execution of sentence suspended pending appeal of such judgment of conviction in a reviewing court; but the trial court is authorized by Section 13453-1, General Code, to suspend execution of sentence and release the defendant upon approved recognizance pending such appeal."

We call attention also to the case of *State* v. *McGee,* reported in 13 Ohio Op., 123, and in 27 Ohio Law Abs., 578. We realize that under the concluding paragraph of Section 1483, General Code, cases so reported shall not receive official sanction, but we direct attention to

4

it because it is directly in point, and is well considered. The Eighth Appellate District Court of Appeals, in deciding that case, held that the Court of Appeals has power to suspend sentence pending an appeal, but has no original authority to fix bail on appeal.

Following these authorities, we hold that we have no jurisdiction to fix bail for the appellant in this action. We hold further that we do have jurisdiction to suspend sentence, but that such suspension is a matter of discretion to which the appellant has no clear right, and which, in our judgment, in this case, should not be extended.

The application to suspend sentence and the application to fix bail are both denied.

*Applications denied.*

LEMERT, P. J., and SHERICK, J., concur.