**STATE, Plaintiff-Appellee, v. JOHNSON, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2093.   Decided May 20, 1950.

Mathias H. Heck, Pros. Atty., William H. Wolff and Lloyd H. O'Hara, Asst. Pros. Attys., Dayton, for plaintiff-appellee..
Jacobson & Durst, Dayton, for defendant-appellant.

## OPINION

By THE COURT:

An application for rehearing has been filed in this case, without suggestion as to any particular question which was considered in our original opinion or the citation of any authority. In this situation under our present rules effective January 1, 1949, an application for rehearing is not appropriate. Our interpretation of this rule and the conditions under which we will entertain the application are set out in **Nickerson v. Nickerson, 85 Oh Ap 374,** Ohio Bar, November 14, 1949. Inasmuch as it is not contended that we failed to pass upon all questions raised in the assignments of error, or that we overlooked any applicable and controlling authority, there is nothing to consider on the application and it will be denied.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

### ON MOTION FOR AN ORDER

No. 2093. Decided August 14, 1950.

Mathias H. Heck, Pros. Atty., Lloyd H. O'Hara, Asst. Pros. Atty., Dayton, for plaintiff-appellee.
Herbert M. Eikenbary, Dayton, for defendant-appellant.

By WISEMAN, J:

Submitted on motion of defendant for an order suspending the execution of sentence and admitting the defendant to bail "during the pendency of his appeal unto the Supreme

Court of Ohio, he having duly filed notice of said appeal together with the requisite motions to perfect said appeal in said tribunal."

It has been held that the Court of Appeals has discretionary authority to suspend sentence pending appeal in that Court, but no original authority to fix bail on appeal after conviction. State v. Cook, 70 Oh Ap 1, 44 N. E. (2d) 474; State v. McGee, 13 O. O. 123, 27 Abs 578, 31 N. E. (2d) 171. These cases were decided before the enactment of §13459-8 (a) GC, which provides as follows:

"The court of common pleas, court of appeals, or supreme court of Ohio, or any judge thereof, to which court an appeal is taken from an inferior tribunal, shall have the same power and authority to suspend the execution of sentence during the pendency of such appeal and admit the defendant to bail as is provided for by law in respect to said inferior tribunal."

Under this section the Court of Appeals, or a judge thereof, is given power and authority to suspend the execution of the sentence and admit the defendant to bail "during the pendency of such appeal." The words "during the pendency of such appeal" refers to the pendency in the same court in which the suspension of sentence and admission to bail is sought. The appeal must be pending, otherwise the court lacks power and authority to suspend the sentence or admit to bail.

Is the appeal pending in this Court? The defendant was duly tried, convicted and sentenced in the Common Pleas Court for the crime of assault with intent to commit rape. An appeal was taken to this Court which, on the 21st of June, 1950, affirmed the judgment. A mandate was issued to the Common Pleas Court for execution of judgment. Notice of appeal to the Supreme Court has been duly filed.

After a case is remanded to the trial court, the reviewing court is without jurisdiction to entertain a motion to suspend the sentence and admit the defendant to bail. The appeal is no longer pending in the reviewing court. New York Central Rd. Co. v. Francis, 109 Oh St 481, 143 N. E. 187; C. E. McCune Co. v. Warndorf, 55 Oh Ap 279, 283, 9 N. E. (2d) 709; McDowell v. State, 33 Oh Ap 319, 322, 169 N. E. 463. See also Vol. 2, O. Jur., Part 2, page 1772, section 950. The rights of the defendant under such circumstances are controlled by §13453-2 and §13459-8 GC.

Motion overruled.

MILLER, PJ, and HORNBECK, J, concur.