THE STATE OF OHIO, APPELLEE, *v.* HAWKINS, APPELLANT.

(No. 912—Decided November 27, 1954.)

*Mr. William H. Irwin,* prosecuting attorney, and *Mr. Joseph L. Liverno,* for appellee.

*Mr. A. G. Lancione,* for appellant.

NICHOLS, J.   Betty Hawkins was convicted in the Court of Common Pleas, Belmont County, Ohio, of the crime of murder in the second degree and on November 26, 1954, she was *correctly* sentenced by Judge Ross Michener of that court to imprisonment in the Ohio Reformatory for Women *until legally released.* She was not sentenced to imprisonment in that institution *during life,* nor could the judge lawfully have done so.

On November 27, 1954, counsel for Betty Hawkins filed her notice of appeal on questions of law, and her appeal is now pending for hearing and decision in this Court of Appeals, whereupon she filed her application for suspension of sentence and for admission to bail pending the further order of this court upon such appeal.

Counsel for the state of Ohio and for the appellant are now before me, *one* of the judges of the Court of Appeals, counsel for the state objecting to the granting of the application, and particularly to the granting

thereof by one judge only of this court. Altogether trustworthy and reliable counsel differ slightly as to what may have taken place in the Common Pleas Court after sentence was imposed by Judge Michener, counsel for the state representing that Judge Michener *refused* to grant suspension of execution and admission to bail, while counsel for the accused states that Judge Michener, when the matter was informally discussed with him, merely suggested that notice of appeal be immediately filed and application made in the Court of Appeals, which has been done. The slight differences between counsel are immaterial, since an examination of the record in this case fails to disclose that any such application was made to Judge Michener and *there is no entry on the docket or journal* showing that Judge Michener refused to grant any suspension or bail, and since the court speaks only by its journal I am not now faced with any question of reversal of Judge Michener. After the notice of appeal was duly filed herein the Common Pleas Court lost jurisdiction to make any orders in the case pending decision of the Court of Appeals upon final hearing herein.

A further examination of the record in this case discloses that Betty Hawkins was originally charged with murder in the first degree and was admitted to bail on that charge upon giving recognizance in the sum of $6,000. The grand jury returned a "not true" indictment of Betty Hawkins on the charge of murder in the first degree but did return a true indictment charging her with murder in the second degree. Upon arraignment on such true indictment she plead "not guilty," and thereupon Judge Michener admitted her to bail in the amount of $6,000 and the original bail recognizance was cancelled.

Subsequently the case of the *State of Ohio* against

*Betty Hawkins* came on for trial before Judge Michener and a jury and the jury returned its verdict of guilty of murder in the second degree, after which Judge Michener *continued her bail bond in effect*, and that bond has never been released or discharged by any order of the Common Pleas Court, nor has it been cancelled or released by operation of law for the reason that Section 2937.29, Revised Code (formerly Section 13435-9, General Code), provides as follows:

"In all cases in which an indictment is returned * * * in the Court of Common Pleas, the court shall require the accused to enter into a recognizance in such amount as the court shall fix. [This provision was complied with, the only exception to bail being in cases of treason and murder in the first degree where the proof is evident or the presumption great.] It is not necessary to renew such recognizance at the end of the term or at any other time, except upon motion made to the court, but the court, upon its own motion, may renew * * * such recognizance. [This was accomplished by the order of Judge Michener continuing her bond.] Such recognizance, when so given, shall be conditioned that the defendant abide the order and judgment of the court, and appear from day to day and not depart without leave until such case is finally disposed of. It is not necessary, when such recognizance is so executed [and it was so executed in this case], for the accused to give another recognizance pending proceeding in error, *but such recognizance shall continue * * * throughout such proceeding in error.* The court in in which such error is prosecuted * * * may increase or decrease such recognizance or remand the accused to the sheriff of the county in which such indictment was returned * * *." (Emphasis supplied.)

Under the Appellate Procedure Act error proceedings are now instituted by the filing of a notice of appeal upon questions of law.

See Section 2953.11, Revised Code, authorizing suspension and bail pending decision on the appeal after commitment to the penal institution in all cases except murder in the first degree.

After the conviction of Mrs. Hawkins of murder in the second degree and the overruling of her motion for a new trial she appeared before Judge Michener for sentence and was sentenced to an indeterminate term in the women's reformatory until legally released, in strict accordance with Section 5143.23, Revised Code (formerly Section 2148-5, General Code), which provides:

"All female persons over sixteen years of age, convicted of felony, except murder in the first degree without the benefit of recommendation of mercy, shall be sentenced to the reformatory for women in the same manner and for the same statutory penalties and subject to the *same laws governing paroles and releases* as are male persons now sentenced to the penitentiary and to the reformatory." (Emphasis supplied.)

Section 5143.05, Revised Code (formerly Section 2132, General Code), provides:

"Courts imposing sentences to the reformatory *shall* make them general, and not fixed or limited in their duration. The term of imprisonment shall be terminated by the Pardon and Parole Commission, as authorized by Sections 2965.09 to 2965.18, inclusive, of the Revised Code, but the term of such imprisonment shall not exceed the maximum term, nor be less than the minimum term provided for such felony." (Emphasis supplied.)

*There is no minimum term of imprisonment for persons found guilty of murder in the second degree,* as will be seen from the following quoted provisions of Section 2901.05, Revised Code (formerly Section 12403, General Code):

"*No person* shall purposely and maliciously kill another. *Whoever* violates this section, * * * [except murder in the first degree, murder by obstructing or injuring a railroad, killing a guard and taking the life of a police officer] is guilty of murder in the second degree and shall be imprisoned for life." (Emphasis supplied.)

Thus it is observed that the quoted section provides for a *fixed* penalty—not a maximum and minimum penalty. If a literal interpretation of the words of the section is given then such interpretation would do violence to, and run counter to, Sections 5143.05 and 5145.01, Revised Code, which provide that sentences for all felonies except treason and murder in the first degree shall be "general and not fixed or limited in their duration."

It is a rule of universal acceptance that all criminal laws shall be interpreted most favorably to the accused and against the state when interpretation is required.

Hereinabove I have quoted the provisions of Section 5143.23, Revised Code, relating to imprisonment of females in the women's reformatory and since that section states that females "shall be sentenced to the reformatory for women in the same manner and for the same statutory penalties and subject to the same laws governing paroles and releases as are male persons now sentenced to the penitentiary," I now quote the provisions of Section 5145.01, Revised Code (formerly Section 2166, General Code), as follows:

"Courts imposing sentences to the penitentiary for felonies, except treason, and murder in the first degree, shall make such sentences general and not fixed or limited in their duration. All terms of imprisonment of persons in the penitentiary may be ended in the manner provided by law [meaning, of course, the

law governing paroles and releases], but no such terms shall exceed the maximum term provided for the felony of which the prisoner was convicted, nor be less than the minimum term provided for such penalty.

"\* \* \*

"If, through oversight or otherwise, a sentence to the penitentiary should be for a definite term, it shall not thereby become void, but such person shall be subject to the liabilities of such sections and receive the benefits thereof, as if he had been sentenced in the manner required by this section.

"As used in this section 'term of imprisonment' means the duration of the state's legal custody and control over a person sentenced as provided in this section."

Thus we find that where it is a male person, courts imposing sentences to the penitentiary for murder in the second degree (a felony other than treason or murder in the first degree) shall make such sentences general and not fixed or limited in their duration, exactly as courts shall do in sentencing a female to the women's reformatory.

I am driven to the inescapable conclusion that the "punishment" of one convicted of murder in the second degree is not imprisonment for life but such imprisonment is only "until legally released," as ordered by Judge Michener in this case. It necessarily follows that Judge Michener was not deprived of jurisdiction to admit Mrs. Hawkins to bail so that she might perfect her appeal to this court, and since the "inferior" court was authorized to so admit her to bail then this court "*or any judge thereof*" may admit her to bail as provided in Section 2953.10, Revised Code, which reads as follows:

"The Court of Common Pleas, Court of Appeals, the Supreme Court, *or any judge thereof*, to which

court an appeal is taken from an inferior tribunal, has the same power and authority to suspend the execution of sentence during the pendency of such appeal and admit the defendant to bail *as is provided for in respect to said inferior tribunal.*" (Emphasis supplied.)

Section 2949.02, Revised Code (formerly Section 13453-1, General Code), provides the authority of the so-called inferior court to suspend execution and admit to bail, the pertinent portions of such section being:

"When a person has been convicted of any bailable offense * * * and such person gives notice in writing to the trial judge or magistrate, of his intention to file * * * a petition to review such conviction, such judge or magistrate may suspend execution of the sentence or judgment for such fixed time as will give the accused time to prepare and file * * * such petition. In all bailable cases, *except those in which the punishment is imprisonment for life,* such judge may release the defendant upon a recognizance with sufficient surety to be approved by the judge or magistrate, conditioned that the accused will appeal without delay and abide by the judgment and sentence of the court." (Emphasis supplied.)

The single exception is where the punishment is imprisonment for life, a fixed and determinate period, which is no longer permissible under the sections hereinbefore quoted.

I have not overlooked the decision in 1931 of the Supreme Court in the case of *In re Halsey,* 124 Ohio St., 318, 178 N. E., 271, 77 A. L. R., 1232, wherein that court held that the statute denying the right af accused persons to bail after conviction in trial court, where punishment is imprisonment for life, is not unconstitutional. There the court was concerned only

with the question whether the Ohio Bill of Rights guarantees bail after as well as before conviction, and held that the Ohio Bill of Rights guarantees bail only before conviction in the trial court. The court did not consider or mention the correctness of the sentence imposed by the trial court of "imprisonment for life" but limited its decision to the sole question whether bail is *guaranteed* after conviction.

Demonstrating that there is now in Ohio no such thing as absolute, fixed and determinate punishment for life where one has been convicted of murder in the second degree, we look to the provisions of Chapter 2965, Revised Code, Sections 2965.01 to 2965.23, providing for paroles and releases. The statutes requiring sentences to be general and not fixed or limited, provide that *all terms of imprisonment* for murder in the second degree may be ended in the manner provided by law, Section 5143.23, expressly referring to paroles and releases.

Section 2965.17, Revised Code, provides:

"Subject to the limitations imposed by law, the pardon and parole commission may determine the time when, the period for which, and the conditions in accordance with which *any prisoner* confined in a state penal or reformatory institution *may* be allowed to go upon parole outside the building, enclosure, and premises of the institution to which he has been committed, assigned or transferred. *When a paroled prisoner has performed all the conditions of his parole the commission shall finally release him.*" (Emphasis supplied.)

The "limitations imposed by law" are cases of treason and murder in the first degree. It is observed that the last quoted section is a grant of power to parole and release, not a grant of right of the prisoner to parole and release. But Section 2965.23, Revised

Code, is a guaranteed grant of eligibility for parole, the pertinent language of the section being:

"A prisoner serving a sentence of *imprisonment for life* for a crime other than treason or murder in the first degree * * * *shall become* eligible for parole at the expiration of ten full years' imprisonment."

Here in Belmont County we have a concrete example of the discretionary power of the pardon and parole commission to parole and release under Section 2965. 17, Revised Code, showing the interpretation placed by the commission on that section. Etta DePaulis in 1948 plead guilty to murder in the second degree for killing her husband. Although ten years had not expired, Etta DePaulis has long since been paroled and released from imprisonment in the women's reformatory to which she had been committed by Judge Belt "for and during her natural life or until legally released as provided by law." The words "for and during her natural life" were superfluous and meaningless but did not make the sentence void; nevertheless, by Section 5145.01, Revised Code, there was preserved for her the benefits provided by law for ending her term of imprisonment and she received such benefit at the hands of the parole and pardon commission. Thus it is demonstrated that in dealing with the problem of crime Ohio has abandoned fixed determinate punishment in favor of what has been called the humane principle of correction and return to society in all cases except treason and murder in the first degree.

Whether action is taken by the commission under one or the other of these parole sections, it is seen that the punishment for murder in the second degree is not final and fixed imprisonment for life. There may be confusions and contradictions in the several statutes involved, but all were enacted into law by the Legislature and any ambiguities and contradictions must be resolved most favorably to the imprisoned person.

The question presented here is not new in this Court of Appeals. In the case of the *State* v. *Robinson,* pending on appeal in Mahoning County, two of the judges of this court (Griffith and Phillips) suspended execution of sentence for murder in the second degree and admitted Robinson to bail. I did not sign that order but only because I was absent from Mahoning County at the time. I have no doubt I would have joined with my associates had I been present. Nor do I have any doubt now of the right of one or more judges, in the exercise of sound discretion, to so suspend sentence and admit to bail.

I think I should call attention to the fact that at the time of the decision of the Supreme Court in *In re Halsey, supra,* there was no statute except Section 13459-9, General Code, now Section 2953.11, Revised Code, authorizing the Court of Appeals to grant admission to bail after conviction of a felony. The same situation existed at the time of the decision of the Fifth Appellate District Court of Appeals in *State* v. *Cook,* 70 Ohio App., 1, 44 N. E. (2d), 474, but subsequent to both such decisions the Legislature adopted Section 13459-8*a,* General Code, now Section 2953.10, Revised Code.

Since I attach much importance to Section 2953.11, Revised Code, hereinbefore only briefly mentioned, I now quote the applicable provisions thereof:

"In cases of conviction of felony, except for murder in the first degree, where the defendant has been committed to the penitentiary and sentence is suspended, the clerk of the court in which the entry is made suspending such sentence under the seal of such court, shall forthwith certify such suspension to the warden of the penitentiary who shall cause such defendant to be conveyed to the jail of the county in which he was convicted and committed to the custody of the sheriff

thereof, unless admitted to bail pending the decision on the appeal or the termination of the suspension of sentence.''

Such quoted language is identical with the pertinent provisions of former Section 13459-9, General Code, except that there has been omitted from the Revised Code section the words ''as hereinbefore provided'' after the phrase ''unless admitted to bail pending the decision on the appeal or the termination of the suspension of sentence.''

To me this omission in the Revised Code section is significant in that the authority of the Court of Appeals to admit to bail is no longer restricted to that of the Common Pleas Court. The authority of the Court of Appeals is broadened to include admission to bail in all felonies with the single exception of murder in the first degree, even if it be conceded that the punishment for second degree murder is imprisonment for life. I do not so concede.

I am not holding that either the judge of the Common Pleas Court or of this court is required to admit to bail or to suspend execution of sentence of one convicted of murder in the second degree. I am holding that the suspension of execution and admission to bail after conviction in accordance with statutory provisions rest in the sound discretion of the judge in the light of all the facts presented and the administration of justice, a strong consideration being that an accused should not suffer the penalty for crime until by the due processes of law it is determined that he has had a fair trial free from prejudicial error.

In the exercise of what I consider a sound discretion I am holding that Mrs. Hawkins is entitled to suspension of execution and admission to bail but that for the protection of the state recognizance shall be increased beyond that fixed before her conviction. It is

therefore ordered that such recognizance be given in the amount of $10,000 instead of $6,000.

May I state that I believe the reason for the Legislature allowing one judge of the Court of Appeals to act in this matter is because the order is interlocutory only and not a final appealable order or decision requiring action by at least a majority of the judges.

*Application allowed.*