THE STATE OF OHIO *v.* BREWER.

[Cite as State v. Brewer, 4 Ohio Misc. 252.]

(No. 51595—Decided June 7, 1965.)

CRIMINAL ACTION: Cincinnati Municipal Court.

*Mr. Ralph E. Cors, Mr. Donald E. Hardin,* and *Mr. Jerry Jung,* for plaintiff.
*Mr. James O. Bradley,* for defendant.

KEEFE, J.  Defendant is charged with violating Section 4931.31, Revised Code, entitled "Threat or harassment in telephone communication prohibited; directory notice" and which reads as follows:

"No person shall, while communicating with any other person over a telephone, threaten to do bodily harm or use or address to such other person any words or language of a lewd, lascivious, or indecent character, nature, or connotation for the sole purpose of annoying such other person; nor shall any person telephone any other person repeatedly or cause any person to be telephoned repeatedly for the sole purpose of harassing or molesting such other person or his family.

"Any use, communication, or act prohibited by this section may be deemed to have occurred or to have been committed at either the place at which the telephone call was made or was received.

"Every telephone directory distributed to the general public in this state which lists the calling numbers of telephones of any telephone exchange located in this state shall contain a notice which explains the offenses provided for in this section, such notice to be printed in type which is not smaller than the general body of the other type on the same page and to be preceded by the word 'warning' printed in type with at least equal prominence as the headings of other regulations or information on the same page; provided, that the provisions of this section shall not apply to those directories distributed solely for business advertising purposes, commonly known as classified directories nor to any telephone directory distributed or for which copy has been sent to the printer or is in the process of printing or distribution to the general public prior to August 14, 1959.

"Any person, firm, or corporation providing telephone service which distributes or causes to be distributed in this state one or more copies of a telephone directory which is subject to the provisions of this section and which willfully omits such notice is guilty of a violation of this section."

The maximum possible penalty is a five hundred dollar fine or imprisonment for not more than six months, or both.

Before opening statements or any evidence offered, defendant filed what he designated as a "Motion to Suppress." It alleges that the evidence in this case had been obtained in violation of both the Ohio and United States Constitutions. The motion also states that Section 4931.31, Revised Code, is unconstitutional "as being vague, indefinite and contrary to the Ohio and Federal Constitution." All these points were commented upon by the prosecutor and defense attorney, and there also was a full-scale argument concerning the admitted omission from the current (1964) Greater Cincinnati Telephone Directory of the "notice" referred to in the third paragraph of Section 4931.31, Revised Code. The "Motion to suppress" does not directly raise the "notice" subject, but nevertheless the significance of the "notice" omission was fully explored in oral argument. Perhaps the matter of the omission might better have been raised later in the proceedings, but at this juncture it would be a vain thing for the court to require the state to

254

proceed since eventually the problem of the unpublished "notice" must be resolved.

The state contends that although the "notice" requirement is binding on The Cincinnati and Suburban Bell Telephone Company, its publication is not necessary to the prosecution of the defendant. The state maintains that the section in question does not specifically require compliance with the "notice" portion before prosecution can be had. Defendant on the other hand contends that the Legislature has made it clear that if the "notice" is not in the appropriate telephone book, the defendant cannot be found guilty.

Clearly the first paragraph of the section prohibits telephone threats or harassment. The third paragraph of the same section is equally plain in requiring that every telephone directory distributed to the general public in Ohio must contain a "notice" explaining the offenses provided for in the section. There is no language anywhere in the section stating that if there is no "notice" there can be no conviction.

Did the Legislature intend that the "notice" be indispensable to a conviction? Certainly there is unclearness in this respect.

"In the interpretation or construction of statutes or ordinances, the prime function of the courts is to ascertain, declare, and give effect to the intention of the lawmaking body as gathered from the provisions enacted. Accordingly, in construing a penal law, the intent of the lawmaking body should be sought in every legitimate way. It may be gathered from the provisions of the enactment, the title or chapter of the code in which it appears, and the apparent purpose of the law as applied to the evil at which it is aimed. If the language of the enactment is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to rules of statutory interpretation * * *. But where the court is confronted with doubtful, uncertain, equivocal, or ambiguous language, the rules of construction may be invoked to ascertain the true legislative intent. * * *" 15 Ohio Jurisprudence 2d, Criminal Law, Section 19, pp. 252, 253.

"Where sections of a criminal code are incorporated in the same legislative act, become effective at the same time, and are *in pari materia*, they should be construed together." 15 Ohio Jurisprudence 2d, Criminal Law, Section 21, p. 257,

In the instant case, we are talking about a situation even stronger than that referred to in Ohio Jurisprudence 2d, which says that sections of a criminal code must be construed together. Here we have paragraphs of the same section requiring construction and raising the question of their interrelation. If the state of the law requires construing separate sections of a legislative act together, which the law does, there is all the more obligation to construe together paragraphs included in the same legislative section.

The Supreme Court of Ohio has this to say on the subject in *State* v. *Smith*, 123 Ohio St. 237, in the first paragraph of the syllabus:

"The sections of the crimnal code hereafter alluded to were incorporated in the same legislative act and became effective at the same time; being *in pari materia*, they should be *construed together*." (Emphasis added.)

There can be no question that the paragraphs in Section 4931.31, Revised Code, are *in pari materia*; in other words they relate to the same subject matter. The third paragraph makes specific reference to the "offenses provided for in this *section*." (Emphasis added.) The section, of course, encompasses all the paragraphs therein. Furthermore in referring to "offenses provided for in this section," the third paragraph loses its independence and exclusiveness maintained for it in the state's argument. In view of the language in the third paragraph, I would have to disagree with the statement in the state's memorandum that "the section [Section 4931.31, Revised Code] goes to great length to separate the indivdual and the company."

Resort may be had to the title of a section as an aid in interpreting the doubtful meaning of the section itself. Ohio Jurisprudence 2d states that consideration of the title is especially proper where, as in Ohio, the title is prefixed by a solemn vote of the Legislature passing the law, "and there is a constitutional provision that no bill shall contain more than one subject, which shall be clearly expressed in the title." 50 Ohio Jurisprudence 2d, Statutes, Section 259, p. 244.

"Effect or Conclusiveness of Title. * * * In the interpretation of statutes, the titles thereof have been declared to be persuasive and entitled to great weight in determining the meaning, but not conclusive." 50 Ohio Jurisprudence 2d, 245, Statutes, Section 261.

As can readily be seen from the title, the words, "directory notice," are as much a part of it as are the other words, "Threat or harassment in telephone communication prohibited."

The decision seems inescapable that the General Assembly of Ohio did intend that the telephone book "notice" must be published or else there can be no offense committed by a person situated as is the defendant here, and that is my finding. This result is re-enforced by the universal acceptance of the rule that all criminal laws shall be interpreted most favorably to the accused and against the state when interpretation is required. *State* v. *Hawkins*, 97 Ohio App. 477. Also, *State* v. *Conley*, 147 Ohio St. 351, the first paragraph of the syllabus of which reads:

"A penal statute should be strictly construed against the state, exemptions from restrictive provisions thereof liberally construed, *and all doubts in the interpretation of such statute resolved in favor of the accused.*" (Emphasis added.)

Is the requirement of publication of a warning in every telephone directory in this state, before there can be an offense, wise or unwise, realistic or not? The wisdom of the enactment of each law is solely a question for the Legislature. However, it does seem that those who harass, threaten bodily harm over the telephone, or use lewd or indecent words or language while communicating over a telephone ought to be able to be convicted without publication of special warnings or "notices." This activity obviously violates public morals and welfare. Furthermore, I wonder how many harassers, bent upon their evil work, first peruse a telephone directory, and if they do, how many would notice printed warnings. And I wonder how many upon seeing and reading a warning would actually be discouraged by it from carrying out their offensive business.

Under the circumstances, further consideration of the alleged constitutional infirmities is unnecessary. The charge against this defendant has to be dismissed.

I am reliably informed that the 1965 issue of the Greater Cincinnati Telephone Directory does publish on page 10 a "notice" in compliance with Section 4931.31, Revised Code.

*Charge dismissed.*