William T. WINDLEY, Jr. and Victoria Windley, his wife, Plaintiffs,

v.

POTTS WELDING & BOILER REPAIR, CO., INC., a Delaware corporation, City of Dover, and ABB Air Preheater, Inc., a Delaware corporation, Defendants.

Civ. A. No. 94–432–JLL.

United States District Court, D. Delaware.

June 9, 1995.

Lois J. Dawson, Wilmington, DE, and Sol H. Weiss, of Anapol, Schwartz, Weiss & Cohan, P.C., Philadelphia, PA, for plaintiffs.

William J. Cattie III, of Heckler & Cattie, Wilmington, DE, for defendant Potts Welding & Boiler Repair, Co., Inc.

Robert K. Pearce, of Trzuskowski, Kipp, Kelleher & Pearce, Wilmington, DE, for defendant City of Dover.

Daniel L. McKenty, of Swartz, Campbell & Detweiler, Wilmington, DE, for defendant ABB Air Preheater, Inc.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

### I. INTRODUCTION

This action arises from injuries allegedly incurred by the Windleys ("Windleys") when William Windley was working at the McKee Run Power Plant ("McKee Run") in Dover, Delaware, on November 18, 1992. Presently before the Court is ABB Air Preheater, Inc.'s ("ABB Air Preheater") motion for summary judgment, (Docket Item ["D.I."] 88).

For the reasons that follow, the Court will grant ABB Air Preheater's motion for summary judgment.

### II. FACTS

William Windley was injured on November 18, 1992, while he was assisting in the overhaul of an air preheater in the McKee Run Power Plant in Dover, Delaware. (D.I. 75.) At the time of the accident, Windley was assisting in the machining of the fixed edge-seal surface at the top and bottom of a rotating drum in an air preheater. (Id.) The rotor unexpectedly rotated clockwise crushing Windley between the drum and opening through which the workers gained access to the drum. (Id.) An air preheater is used to recover heat from a power plant's combustion chamber exhaust gases in order to heat incoming air. This process makes fossil fuel burning power plants more efficient. (D.I. 89, Exs. A–1 & A–2.)

The Windleys filed this suit against the following defendants: (1) ABB Air Preheater, the designer, manufacturer, and seller of the preheater involved; (2) Babcock and Wilcox Company ("Babcock & Wilcox"), which purchased the preheater from ABB Preheater for installation at McKee Run; (3) Potts Welding and Boiler Repair Co., Inc. ("Potts"), which contractually assumed responsibility for overhauling the air preheater involved; (4) WSMW Industries, Inc., which overhauled and refurbished the air preheater assembly for approximately one month prior to Windley's accident; and (5) the City of Dover ("City"), which owns McKee Run. (D.I. 75.) Pursuant to a stipulation among the parties, entered February 3, 1995, Babcock and Wilcox was dismissed from this action. Also pursuant to a stipulation among the parties, WSMW Industries, Inc., was dismissed from this action on May 30, 1995.[1]

The Windleys' amended complaint alleges that ABB Air Preheater is liable as the manufacturer of the Ljungstrom air preheater. (D.I. 75.) Specifically, the Windleys allege that the air preheater was dangerously designed below the standard of good, proper engineering design by failing to provide a safe place and method to machine the heating element and seals in the rotor.

### III. DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The appropriate inquiry is whether there is a need for a trial. "In other words, [are] there any genuine factual issues that properly can be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2516, 91 L.Ed.2d 202 (1986).

---

1. Subsequent to the filing of this motion, the City and Potts moved this Court for leave to file a third party complaint against a new defendant, Erectors, Inc. (D.I. 93 & 94.) The disposition of those motions is irrelevant to the present motion.

ABB Air Preheater moves for summary judgment on the affirmative defense that the Windleys' claims are precluded by 10 Del.C. § 8127, often referred to as the "Builders' Statute." That law is a statute of repose which imposes a six-year limitation on actions for damages resulting from deficiencies in the construction or manner of construction,[2] or in the designing, planning or supervision of the construction of an improvement to real property, except residential property. 10 Del.C. § 8127. The Windleys respond that this Court should deny the motion for summary judgment based on Rule 56(f) of the Federal Rules of Civil Procedure because discovery is not yet complete.

■ Rule 56(b) provides: "A party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." On the other hand, Rule 56(f) provides, in pertinent part:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had. . . .

Thus, this Court may deny ABB Air Preheater's motion if it finds that the Windleys have presented affidavits which demonstrate why this Court should wait until discovery is complete before ruling on ABB Air Preheater's affirmative defense which is grounded in the Builders' Statute. Because the Windleys failed to file any affidavits in response to this summary judgment motion, Rule 56(f) is inapplicable.

■ A party is protected by § 8127 when it furnishes construction of an improvement to real property. *City of Dover v. International Tel. & Tel.*, 514 A.2d 1086, 1089 (Del. 1986). Accordingly, this Court must first decide whether ABB furnished construction and then whether that construction was an improvement to real property.

■ Delaware courts apply a common sense understanding of the word construction. That is, it is the "act of building; erection; act of devising and forming; fabrication; [or] composition." *Becker v. Hamada, Inc.*, 455 A.2d 353, 356 (Del.1982) (citing Webster's New International Dictionary, 572 (2d. ed., G.C. Merriam Co.1951). Where the party merely supplies raw materials, it is not entitled to the protections of § 8127. Thus, where the party is more than a mere supplier of the materials in question in that it actually fabricates them to the specifications of the buyer, that party furnishes construction. *City of Dover*, 514 A.2d at 1089. *See also Hiab Cranes and Loaders, Inc. v. Services Unlimited, Inc.*, No. 82C–FE–98 (Del.Super. August 16, 1983) (defendant fabricated furnaces to be installed in a building under construction according to specifications supplied by co-defendant). *Cf. Becker*, 455 A.2d at 356 (furnishing construction requirement not met where defendant supplied roofing materials which it did not manufacture or fabricate.)

■ In this case, the City purchased "the complete design, manufacture, delivery, erection, start-up supervision, and initial operation supervision" of the steam generating units which included the air preheaters from Babcock & Wilcox. (D.I. 89, Ex. A–9.) Babcock & Wilcox purchased the air preheater involved in this accident from ABB Air Preheater for installation at McKee Run. (D.I. 89, Exs. A–1 & A–3 to A–9.) ABB Air Preheater designed, manufactured and supervised the installation of the air preheater according to the specifications provided by Babcock & Wilcox. (*Id.*) Accordingly, ABB Air Preheater furnished construction within the meaning of § 8127. The plaintiff's proffer that Bob Claussen, the McKee Run manager, testified at his deposition that the air preheater was similar to others he had encountered in the past is simply irrelevant. The air preheater need not be unique in order for its builder to qualify for coverage under § 8127. Rather, ABB Air Preheater need only show that it manufactured the air

---

**2.** The statute defines construction to include "construction, erection, building, alteration, re- construction and destruction of improvements to real property." 10 Del.C. § 8127(a)(4).

preheater and was not just a supplier of air preheaters it obtained from another source. The Windleys have claimed in their amended complaint that ABB Air Preheater manufactured the relevant preheater, (D.I. 75), and ABB Air Preheater has admitted that it manufactured it. (D.I. 78.) Accordingly, as there is no factual dispute as to this point, ABB Air Preheater furnished construction as a matter of law.

The next question is whether the air preheater qualifies as an improvement to McKee Run. This is a question of law. *Hiab Cranes and Loaders,* No. 82C–FE–98, letter op. at 3 (Del.Super. August 16, 1983). Delaware courts have defined an improvement, as used in § 8127 as "a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor and money and is designed to make the property more useful or valuable as distinguished from ordinary repairs." *Standard Chlorine of Delaware, Inc. v. Dover Steel Co.,* No. 87C–DE–194–1–CV, letter op. at 3, 1988 WL 32044 (Del.Super. March 31, 1988.) (citing *Hiab Cranes and Loaders, Inc.*) In *Standard Chlorine* the court found that a 74,405 pound liquid storage tank which held at least 320,-000 gallons and which was "attached to the realty through a system of pipes, valves, manifolds, wires, scaffolds, catwalks and a foundation" constituted an improvement. Letter op. at 3–4. In *Hiab Cranes and Loaders,* the court found that an oil distribution system which comprised the "permanent entirety of one of the mechanical systems vital to the normal function of the ... plant" constituted an improvement as defined in § 8127. Here, the 69,900 pound preheater, which covers 26,700 square feet of heating surface, is central to the plant's function. Therefore the preheater constitutes an improvement to McKee Run.

As the Court has determined that the Builders' Statute is applicable, the final question is whether the statutory period has elapsed. The limitations period begins to run at the earliest of eight designated dates, irrespective of the date of injury. 10 Del.C. § 8127. One of those dates is when the improvement is substantially completed. 10

Del.C. § 8127(b)(6)(f). ABB Air Preheater completed 98% of the construction and installation of the preheater in July of 1961. (D.I. 89, Ex. A–8.) Thus, the six-year period expired twenty-eight years ago.

## IV. CONCLUSION

For the forgoing reasons, the Court will grant ABB Air Preheater's motion for summary judgment. An order will issue in accordance with this opinion.