# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THE CINCINNATI INSURANCE COMPANY a/s/o GREEN RECOVERY TECHNOLOGIES, LLC, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | |
| THE COMMONWEALTH GROUP LTD and THE COMMONWEALTH GROUP LLC, | ) ) ) | |
| Defendants. | ) | C.A. No.: N19C-06-204 FJJ |
| _____ | ) | |
| THE COMMONWEALTH GROUP LTD and THE COMMONWEALTH GROUP LLC, | ) ) ) | |
| Defendants/Third Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| BEAR INDUSTRIES INC., | ) | |
| Third Party Defendant. | ) | |

Date Submitted: December 14, 2023
Date Decided: January 2, 2024

## OPINION AND ORDER

*Upon Consideration of Third-Party Defendant Bear Industries, Inc.'s
Motion for Summary Judgment:*
**GRANTED.**

*Michael I. Silverman, Esquire*, Silverman, McDonald & Friedman, Wilmington, Delaware, *Attorney for Plaintiff.*
*Brett Thomas Norton, Esquire*, Marks, O'Neill, O'Brien, Doherty & Kelly PC, Wilmington, DE, *Attorney for Defendant Bear Industries, Inc.*
*Kevin J. Connors, Esquire*, Marshall, Dennehey, P.C., Wilmington, DE, *Attorney for Defendant The Commonwealth Group, LTD.*

**Jones, J.**

This action arises from the flooding and subsequent damage to a commercial property (the "Property") owned by Green Recovery Technologies, LLC ("Green Recovery") in New Castle, Delaware on June 29, 2017.[1] In essence, a tornado damaged the Property and caused a power outage. Although power eventually returned to the majority of the Property, it was not restored to an air compressor which kept a Deluge Sprinkler System (the "Sprinkler System") closed. This then activated the Sprinkler System and flooded the Property, causing significant damage.

As the subrogor of Green Recovery, Plaintiff Cincinnati Insurance Company has filed this action against Defendants/Third-Party Plaintiffs, The Commonwealth Group Limited and The Commonwealth Group, LLC (collectively, the "Commonwealth"), seeking, among other things, compensatory damages for negligence and gross negligence stemming from the Commonwealth's decision to not restore power to the Sprinkler System's air compressor.[2] The Commonwealth filed an opposed Motion for Leave to Add Third-Party Defendants, alleging that Bear Industries Inc. ("Bear") was negligent in design and installation of the Sprinkler System.[3] The Third-Party Complaint against Bear was filed on May 25, 2023.[4] In its answer to the Third-Party Complaint, Bear conceded that it designed and installed the Sprinkler System at the Property in 2014.[5]

---

[1] D.I. 1 ¶¶ 10-12, 18-26; D.I. 46 ¶ 3.
[2] *Id.*
[3] D.I. 39. The Court cites to this motion for procedural purposes only.
[4] D.I. 46.
[5] D.I. 52 ¶ 5.

1

Nevertheless, Bear filed a Motion for Judgment on the Pleadings pursuant to Superior Court Civil Rule 12(c), maintaining that Commonwealth's third-party claim was barred by Delaware's Statute of Repose found at 10 *Del.C.* §8127.[6] The Court initially considered the Motion on August 30, 2023. The Court deferred decision on the Motion and allowed Commonwealth to engage in discovery as to Bear on the issue of timing of the running of §8127 and whether Bear's work constituted an improvement within the meaning of §8127. Documents were exchanged and the Rule 30(b)(6) deposition of Bear, through Joseph Majewski, Sr., was taken.

Commonwealth filed a supplemental memorandum in support of its opposition to Bear's Motion pursuant to the statute of repose on December 4, 2023. In response, Bear, and the Plaintiff, filed its supplemental memorandum on December 8, 2023, each opposing Commonwealth. While the matter started out as a motion for judgment on the pleadings, the addition of discovery requires this Court to treat the matter as a summary judgment motion. The standard for summary judgment is well known. Summary judgment is appropriate when the record "shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."[7] The moving party bears the burden of establishing the nonexistence of material issues of fact.[8] The burden then shifts to the nonmoving

---

[6] Del. Super. Ct. Civ. R. 12(c).
[7] Del. Super. Ct. Civ. R. 56(c).
[8] *See Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

2

party to establish the existence of material issues of fact.[9] In considering the motion, the Court must view the evidence in a light most favorable to the nonmoving party and accept the nonmovant's version of any disputed facts.[10]

Bear's motion rests on §8127, which provides a six-year limitations period on actions for damages, indemnification, or contribution for damages resulting from personal injuries arising out of any deficiency in the *construction of an improvement* to real property or the design, planning, supervision, or observation of any such construction.[11] In other words, §8127 is a "true statute of repose. . . . [and] the passing of the six-year period deprives the injured party of a legal right to redress."[12]

A statute of repose is not an ordinary statute of limitations.[13] An "ordinary statute of limitations begins with an injury or the discovery date of an injury."[14] A statute of repose, however, can begin to run before the cause of action arises[15] because it begins irrespective of the date of injury.[16] Thus, "when the cause of action triggers the statute, it is a statute of limitations." If not, it may be a statute of repose.[17]

Here, the repose period set forth in 10 *Del. C.* §8127 begins to run at the earliest of eight designated dates, irrespective of the date of injury.[18] Bear submits

---

[9] *See Id.* at 681.

[10] *See Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99-100 (Del. 1992) (internal citations omitted).

[11] 10 *Del. C.* §8127(b)(1)-(2) (emphasis supplied).

[12] *City of Dover v. Int'l Tel. and Tel. Corp.*, 514 A.2d 1086, 1089 (Del. 1986) (internal citations omitted).

[13] *Cheswold Volunteer Fire Co. v. Lambertson Const. Co.*, 489 A.2d 413, 421 (Del. 1984).

[14] *Id.*

[15] *Workers' Comp. Fund v. Kent Const. Corp.*, 2008 WL 4335873, at *3 (Del. Super. Sept. 19, 2008).

[16] *Cheswold*, 489 A.2d at 421.

[17] *Workers' Comp. Fund*, 2008 WL 4335873, at *3; *see also Becker v. Hamada, Inc.*, 455 A.2d 353, 354-55 (Del. 1982).

[18] *See generally* 10 *Del. C.* §8127.

the operative date is when it designed and installed (or, as it puts it, "constructed") the Sprinkler System.[19] Discovery reveals that Bear last substantially performed its work on the Sprinkler System in September 2016. As September 2016 is more than six years removed from the date when the third-party complaint was filed (March 30, 2023), it is clear that if the work done by Bear was an improvement to real property, then the statute of repose applies to Commonwealth's claims against Bear.

The battle, then, becomes whether the Sprinkler System is an "improvement" as defined in §8127. Bear offers three reasons why it should qualify as such: (i) Bear charged Green Recovery for the design and installation of the Sprinkler System; (ii) the Sprinkler System was not temporary or removable; and (iii) the Sprinkler System protected the Property's "process room," which contained equipment to recycle animal fats and proteins into reusable commodities, thereby making the Property more useful for Green Recovery's purpose.[20]

Commonwealth responds that the installation of this particular sprinkler system does not constitute an improvement to the property for purposes of the statute. According to Commonwealth, the sprinkler system at issue is a discrete interior deluge sprinkler that was installed and could be dismantled by four workers in a day. The system at issue is not a building-wide sprinkler system but rather a system focused upon a small space within the Green Recovery Technologies

---

[19] Mot. ¶ 7.
[20] Mot. ¶ 7.

demised premises. Commonwealth maintains that any subsequent tenant, not involved in the very proprietary and secretive work performed by Green Technology Recoveries, would have no need for this discrete modification and if not needed it could be readily and quickly removed.

The majority of jurisdictions follow the principle that sprinkler systems are "improvements" for repose purposes.[21] However these cases involve systems that apply to the whole premises and are not discreet to a small portion of the property. The question then becomes whether this particular system does in fact constitute improvement to real property. This is a question of law.[22]

Delaware courts have employed various means to determine whether a particular construction is an "improvement" to land. The first case addressing the issue, *Hiab Cranes & Loaders, Inc. v. Service Unlimited, Inc.*,[23] looked to the definition of improvement in other states and found that two approaches were widely employed: (i) a common law fixture analysis, and (ii) a "common sense" interpretation defining the term according to common usage.[24] On the first approach, the *Hiab* court cited Pennsylvania law for the proposition that "while a fixture is, by

---

[21] *See, e.g., Travelers Ins. Co. v. Guardian Alarm Co. of Michigan*, 231 Mich. App. 473, 586 N.W.2d 760, 763 (1998) (finding fire alarm system to be "improvement" to real property under repose statute); *Red Wing Motel Invs. v. Red Wing Fire Dep't*, 552 N.W.2d 295, 297 (Minn. App. 1996) (treating a sprinkler system for fire protection purposes as an "improvement" to real property), *review denied* (Minn. Oct. 29, 1996); *Qualitex, Inc. v. Coventry Realty Corp.*, 557 A.2d 850, 852 (R.I. 1989) (recognizing sprinkler system as an "improvement to real property"); *Kallas Millwork Corp. v. Square D Co.*, 66 Wis. 2d 382, 225 N.W.2d 454 (1975) (concluding that a high-pressure water system designed for fire protection constituted "an improvement to real property" as that phrase is used in statute of repose).
[22] *Hiab Cranes & Loaders, Inc. v. Serv. Unlimited, Inc.,* No. CIV.A. 82C–FE–98, 1983 WL 875126, letter op. at 3 (Del. Ch. Aug. 16, 1983).
[23] *Id.*
[24] *Id.* at 3-4.

definition, an improvement to real property, the converse is not true; an improvement to real property[,] in the ordinary sense of the term, need not be a fixture."[25] Of the second approach, the *Hiab* court cited with approval *Brown v. Jersey Central Power & Light Co.*,[26] which contrasted permanent parts of the mechanical systems necessary to the normal function of a building from those "chattels brought into a structure after it is architecturally and mechanically suitable for occupancy for the purpose intended, … e.g., furniture, production machinery, appliances, etc." – the former being improvements, the latter not.[27] The *Hiab* court went on to find that a building's furnace was an improvement covered by the statute.[28]

In *Davis v. Catalytic, Inc.*,[29] the Superior Court analyzed the *Hiab* decision's use of a "common sense" approach and found that, under that approach, a "slurry cooler" was an improvement to a real property and its builder was entitled to protection under 10 *Del.C.* §8127.[30] The "slurry cooler" was a sizable free-standing structure bolted to the concrete floor and affixed to the adjacent pieces of the production process.[31] In *Standard Chlorine of Delaware, Inc. v. Dover Steel Co.*,[32] the Court held that a liquid storage tank "attached to the realty through a system of pipes, valves, manifolds, wires, scaffolds, catwalks and a foundation" was an

[25] *Id.* at 4 (citing *Keeler v. Com., Dep't of Transp.*, 56 Pa. Cmwlth. 236, 424 A.2d 614, 616 (1981)).
[26] 163 N.J. Super. 179, 394 A.2d 397, 405-06 (1978).
[27] *Id.*
[28] *Hiab*, No. CIV.A. 82C–FE–98, 1983 WL 875126, at 5.
[29] No. 82C-AU-39, 1985 WL 189329 (Del. Super. Ct. Dec. 11, 1985).
[30] *Id.* at *5.
[31] *Id.*
[32] No. C.A. 87C-DE-194-1-CV, 1988 WL 32044, at *2 (Del. Super. Ct. March 31, 1988).

improvement to property. In *Windley v. Potts Welding & Boiler Repair, Co.*, the Court found a preheater that was "central to the plant's function" to be an improvement.[33]

In *Woessner v. Air Liquid, Inc.*,[34] the Third Circuit found that a motor control center at a carbon dioxide recovery plant was an improvement to a real property within the meaning of the statute.

*City of Dover v. Int'l Tel. & Tel. Corp.*[35] is the only Delaware Supreme Court case addressing what an improvement is. The Court stated that a "utility pole can be considered a 'structure' within the meaning of the statute. Since it is unquestionably affixed to land, it can be considered an 'improvement' covered by statute."[36] However, the Court in *Davis* went on to say:

> *City of Dover* argues that the term "improvement" includes only structures that actually enhance the value of the property and/or make the property more useful. However, the statutory definition of "improvement" clearly does not require such value enhancement.[37] Therefore, "structures" covered by the statute need not meet a "value added" test to be "improvements," even though such a test may prove useful in determining the parameters of the statute.[38]

The instant sprinkler system was a deluge sprinkler system which was installed at a total cost of $105,000. The system included its own fire pump, controller, six-inch

---

[33] 888 F.Supp. 610, 613 (D. Del. 1995).
[34] 242 F.3d 469 (3rd Cir. 2001).
[35] 514 A.2d 1086 (Del. 1986).
[36] *Id.* At 1090.
[37] 10 *Del.C.* §8127(a)(2).
[38] *Id.*

valves and six-inch piping, drain lines and was attached to both the plumbing and electrical systems.[39] To remove this system would require two men, two days and at a cost of over $9,000.[40] If a fixture analysis is applied to these facts, this Court concludes that the deluge sprinkler system would constitute an improvement within the meaning of §8127.

If a "commonsense" approach analysis is utilized, this Court believes that the same result would follow. The deluge sprinkler system clearly enhanced the property's capital value, involved the expenditure of labor and money, and was designed to make the property more useful or valuable as distinguished from ordinary repairs. This sprinkler system like the situations in *Davis*, *Standard Chlorine*, *Welding* and *Woessner* involved a change to the property that added value to the property for the purposes of its intended use by the occupant of that property.[41] When viewed in this light there is no question that the system was central to the user of the property and enhanced the value of the property not only to the entire marketplace but also to the user of the improvement.[42]

Commonwealth added Bear to this litigation in May 2023, nearly seven years after Bear substantially completed its work on the property. Given the uncompromising nature of the statute of repose, it must now suffer the

---

[39] *See* Exhibit A to Plaintiff's Supplemental Memorandum of Law in Opposition to Defendant's Motion for Judgment on the Pleadings.
[40] Id at Exhibit B.
[41] S*ee Adair v. Koppers Co., Inc*., 741 F.2d 111 (6th Cir. 1984); *Phillips v. Langston Corp*., 59 F.Supp.2d 696 (E.D. Mich. 1999); *Sette v. Benham, Blair & Affiliates*, 70 Ohio App. 3.d 651, 591 N.E.2d 871 (1991); *Mullis v. S. Co. Servs*., 250 Ga. 90, 296 S.E.2d 579 (1982).
[42] *Id*.

consequences: dismissal of its claim against Bear.  Accordingly, Bear's motion as to the Statute of Repose  is **GRANTED** and summary judgment is entered in favor of Bear.

**IT IS SO ORDERED.**

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc:    File & ServeXpress