Chittenden, J.
John.Duggan sued The Toledo Railways & Light Company to recover *2 damages for an alleged assault and battery committed by a conductor in the employ of the defendant, while the plaintiff was a passenger upon one of its cars. The trial in the common pleas court resulted in a verdict and judgment in favor of the plaintiff in the sum of five hundred dollars.
The errors presented by the plaintiff in error'to secure a reversal of the judgment are the refusal of the trial court to give certain written instructions, requested by the defendant, before argument; failure to give certain instructions requested by the defendant after, argument; errors in the charge of the court; and that the verdict and judgment are excessive.
Instruction number two, requested to be given before argument, is as follows:
“Even if you find that plaintiff had trouble with some conductor as claimed by him, he is not entitled . to recover herein unless you find that the conductor was acting within the scope of his authority at the time.” •<
The evidence leaves no doubt that the conductor alleged to have' made this assault was the conductor in charge of the car upon which Mr. Duggan was at the time. The testimony of Mr. Duggan is to the effect that, upon entering the car, it being of the pay-enter type, he tendered to the conductor three cents in payment of his fare; and that thereupon the conductor asked him what he was trying to do, and demanded that he pay a full fare, saying to Mr. Duggan that he had a lot of money. Mr. Duggan responded that he was going to pay only a three-cent fare; that he was doing as other law-abiding citizens were doing; *3 and stated that he was authorized to pay no more than three cents. Thereupon, he says, the conductor seized him, jerked him up against the side of the door, knocked the money out of his hand, and scratched his nose. In this situation the jury should have been charged by the 'court that the conductor was acting within the scope of his authority. A conductor, while in charge of a car and engaged upon his regular run, is the alter ego of the company, and, when performing any act associated with his duties as conductor, is acting within the scope of his authority, and his émployer is responsible for such act. B. & O. Rd. Co. v. Reed, 12 C. C., N. S., 177.
In the general charge the court left to the jury the question as to whether or not the conductor was acting within the scope of his authority, and charged the jury that, if they found that he was not acting within the scope of his authority in committing the assault charged by the plaintiff, the defendant would not be liable. In so charging, the jury the trial court was in error but, inasmuch as such instruction was favorable to the plaintiff in error, the error is not prejudicial and affords no ground for reversal.
Request number three is as follows:
“Plaintiff is not entitled to recover herein unless he was wantonly, wilfully and maliciously assaulted by one of the defendant’s conductors acting within the scope of his authority.”
This request is based upon the theory that the plaintiff was not, at the time of the alleged assault, a passenger, but was only a licensee. We think the request is erroneous even upon this theory of *4 the' case. In order that the defendant shall be held liable because of injury to a licensee, it is not necessary to show that it was wanton, wilful and malicious. It is sufficient to show that the injury was wilfully inflicted. We think, however, that the evidence fairly shows that the plaintiff was more than a licensee. The evidence of the conductor is to the effect that when persons boarded the car he was to demand of them either a four- and-one-sixth-cent ticket "or a five-cent cash fare, and that if the person tendered to him but three cents he was to refuse the tender of three cents and permit such person to ride. We have no doubt that under this peculiar situation, when Mr. Duggan presented himself at the proper street crossing as a passenger, and was permitted to enter the-car, and tendered to the conductor three cents, and the conductor permitted him to be transported, he was in every sense a passenger and entitled to protection as such. It follows from this conclusion that there was no error in refusing written instruction number three. What has -been said also disposes of the claimed errors in the refusal of the court to give instructions requested after argument.
We have examined the charge of the court, and, aside from the error heretofore pointed out, and which was favorable to the' defendant, we find no error in the charge.
Wé are unable to find that the verdict is excessive. The jury were entitled to assess punitive damages if they found that the assault was malicious. In determining the amount of such damage they might rightfully take into consideration *5 everything disclosed by the evidence, — the fact that the plaintiff was an old man some 74 years of age, and that he was in feeble health. The jury might well feel that a substantial sum should be imposed as punitive damages to the end that the defendant might take all proper and necessary precautions to prevent recurrence of such treatment of passengers upon its cars.
It is claimed that there was some error in not instructing the jury that if they should find that the assault of the conductor was contrary to instructions which had been given him by the defendant company no punitive damages could be assessed against the defendant. An examination of the record fails to show that the conductor had received any such instructions, but, even if it had so appeared, the charge requested was not a correct statement of the law. Such instructions are competent evidence in a case in which punitive damages may be awarded, for the purpose of mitigating or defeating punitive damages, as the judgment of the jury may determine, but it is erroneous to charge the jury that such instructions, as a matter of law, operate to defeat punitive damages. Western Union Telegraph Co. v. Smith, 64 Ohio St, 106.
Finding no prejudicial error in the record, the judgment of the common pleas court will be affirmed.

Judgment affirmed.

Richards and Kinkade, JJ., concur.