Matthias, J.
 

 The jurisdiction of the Court of Appeals to entertain the proceeding in error in this case and render judgment therein was duly challenged by counsel for the defendant in error in that court, and that is the primary question presented by the record.
 

 Some four months after the petition in error was filed in the Court of Appeals, that court, upon application of counsel for plaintiff in error, remanded the cause to the court of common pleas, not for the purpose of making a correction in the record as to any fact which had occurred upon the trial, or with reference to the proceeding in any particular had before that court prior to the prosecution of error from that court to the Court of Appeals, but as the entry remanding the cause discloses, the “cause” was remanded to the court of common pleas for such further proceeding as may be proper. And thereafter a supplemental motion for a new trial was heard upon evidence and was overruled by the court of common pleas. During the subsequent term of the Court of Appeals a supplemental petition in error was filed, which was later dismissed by plaintiff in error.
 

 The right of a party, upon discovering errors in the record in the trial court after the same has been transmitted and filed in the Court of Appeals, to have such errors duly corrected, likewise the authority of the Court of Appeals to transmit the record to the trial court for such purpose, is not questioned. That, however,
 
 *486
 
 has to do only with the matter of correcting the record of the proceedings theretofore had before the trial court; the judgment whereof is sought to be reversed by such proceedings in error. Here it clearly appears not only that the record was transmitted to the court of common pleas, but that, upon application of the plaintiff in error in the Court of Appeals, the “cause” was remanded to the court of common pleas, not for the purpose of merely correcting the record, but for the purpose of a further hearing in the trial court.
 

 The proceeding in error to the Court of Appeals, it would seem, clearly recognized the determination of the original case in the court of common pleas.
 
 Charles
 
 v.
 
 Fawley,
 
 71 Ohio St., 50, 72 N. E., 294. But when the “cause” was remanded then the “cause” was again within the jurisdiction of the court of common pleas. Necessarily that court must have jurisdiction to allow or refuse the relief sought by the supplemental proceeding in that court, and evidently it was with that in view that the plaintiff in error procured an order of the Court of Appeals remanding the “causé” to the court of common pleas. It may be noted that this was during the same term of the common pleas court in which the judgment in that court had been rendered. But jurisdiction could not be in both courts at the same time. It would seem, therefore, that, after further proceedings in the latter court, the Court of Appeals could again obtain jurisdiction only through and by virtue of the methods provided by statute. Indeed, it appears that a supplemental petition in error was filed in the Court of Appeals at a term subsequent to that in which
 
 *487
 
 that court had remanded the “cause” to the court of common pleas, and long after the expiration of the time within which error could be prosecuted to reverse the judgment which the plaintiff in error seeks to have reversed.
 
 Wells, Jr.,
 
 v.
 
 Wells,
 
 105 Ohio St., 471, 138 N. E., 71,
 

 That supplemental petition in error could not of itself serve as a basis of review of the judgment which was sought to be reversed, and in any event the supplemental petition in error was subsequently dismissed by plaintiff in error in the Court of Appeals.
 

 It follows that the Court of Appeals did not have jurisdiction to render the judgment which it sought to render in this action, and, therefore, the motion challenging such jurisdiction should have been sustained.
 

 Judgment reversed.
 

 Marshall, C. J., Robinson, Jones and Day, JJ., concur.