McDOWELL *v.* THE STATE OF OHIO.

(Decided April 1, 1929.)

*Mr. Benjamin F. James,* for plaintiff in error.
*Mr. William B. James,* for defendant in error.

LLOYD, J. The plaintiff in error, Meredith McDowell, and Sumner Ewing were jointly indicted for the larceny of 41 chickens of the value of $52.65. Each of them pleading not guilty, a trial was had

resulting in a verdict of guilty as to both of them. Thereupon, on January 31, 1928, Sumner Ewing was sentenced to the Ohio penitentiary; the minimum period of imprisonment being fixed at one year. Sentence was imposed upon the plaintiff in error, Meredith McDowell, on January 30, 1928; the minimum period of imprisonment being fixed as to him at two years. Both of them have since been confined in the penitentiary in execution of the sentences so imposed.

Proceedings in error were instituted in this Court of Appeals by Meredith McDowell to reverse the judgment of the court of common pleas. This judgment was affirmed by this court on April 9, 1928; the judgment of affirmance, however, not being journalized until April 30, 1928. Thereupon proceedings in error were instituted in the Supreme Court. Upon the hearing therein, the Supreme Court, finding that "it appears to the court that that part of the bill of exceptions which was allowed by the court of common pleas of Wood county on December 17, 1928, has never been presented to the Court of Appeals of Wood county, * * * ordered and adjudged that the cause be remanded to the Court of Appeals of Wood county for consideration of the complete bill of exceptions." 120 Ohio St., 613, 169 N. E., 299. A mandate was issued to this court to carry the judgment of the Supreme Court into execution.

The part of the bill of exceptions allowed by the court of common pleas on December 17, 1928, when the proceeding in error was pending in the Supreme Court, consisted merely in attaching to and making

part of the original bill of exceptions certain affidavits offered by plaintiff in error and received in evidence by the court of common pleas in support of the motion of plaintiff in error for a new trial. The only alleged error heretofore or now presented to this court to which the statements contained in these affidavits relate is the alleged failure of the trial court "to send to the jury in their jury room" certain written instructions which counsel for plaintiff in error requested the court to give to the jury, and which it was claimed the court read to the jury. Other than as stated in these affidavits there is nowhere in the bill of exceptions anything indicating that any written instructions were given as such, by the trial court to the jury. On the trial it appears that all of them were refused, but that the trial judge did incorporate the language of some but not all of them in his general charge, which was given orally at the conclusion of the evidence; no request having been made that it be reduced to writing. These written requests to charge were not separated, but were numbered from 1 to 10, both inclusive, and appeared in continuous numerical order upon the several sheets of paper upon which they were typed. When presented to the trial judge, he said: "The requests to charge as presented are refused, as they are the things I always give in the charges." No exception was taken, nor was any further request or suggestion made to the court as to any of these instructions, nor does it anywhere appear in the bill of exceptions, except in the affidavits now a part thereof, that any of these instructions were read to the jury, unless the fact that a part of the general charge appears by comparison

to be in the words of some of the written instructions presumes such conclusion. Nowhere does it appear by certificate of the trial judge, or otherwise, that they were given as special written instructions, or that it was intended by the court or understood by plaintiff in error that they were to be so regarded. *State* v. *Young,* 77 Ohio St., 529, 83 N. E., 898. Paragraph 5 of Section 13675, General Code, relates to the right of either party to request of the court "instructions to the jury on the points of law, which shall be given or refused." Paragraph 7 of this section provides in part that, when any such requested instruction is reduced to writing and given, it "shall be taken by the jury in their retirement." The instructions requested by plaintiff in error in the instant case, not having been given by the court to the jury (Section 13675, General Code), cannot be invoked to support the contention of plaintiff in error.

The judgment of affirmance rendered by this court was entered at a prior term, and ordinarily we would assume that this court would not now possess the power to vacate same for any purpose, but, the Supreme Court having ordered "that the cause be remanded" to this court "for consideration of the complete bill of exceptions," it would seem that we must assume that this court is the only court now having jurisdiction of the instant case, and that, if the record thereof now before us presents any ground for reversal of the judgment of the court of common pleas, this court, notwithstanding its former judgment of affirmance, might now enter such judgment. *N. Y. Central Rd. Co.* v. *Francis,* 109 Ohio St., 481, 143 N. E., 187. This situation, how-

ever, does not arise, since we are unable to find that the bill of exceptions as amended presents any question not heretofore presented to us. No complaint, either in brief or argument, has at any time been made as to any part of the general charge of the court.

At the prior hearing we considered and passed upon all of the errors called to our attention by plaintiff in error in his brief, and, since we find that the record now presented to us contains nothing which would warrant or justify a different conclusion, the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

WILLIAMS and RICHARDS, JJ., concur.