The State of Ohio, Appellee, *v.* Johnson, Appellant.

(No. 2093—Decided August 14, 1950.)

*Mr. Mathias H. Heck,* prosecuting attorney, and *Mr. Lloyd H. O'Hara,* for appellee.

*Mr. Herbert M. Eikenbary,* for appellant.

Wiseman, J. This case is now before this court on motion of defendant for an order suspending the execution of sentence and admitting the defendant to bail "during the pendency of his appeal unto the Supreme Court of Ohio, he having duly filed notice of said appeal together with the requisite motions to perfect said appeal in said tribunal."

It has been held that the Court of Appeals has discretionary authority to suspend sentence pending appeal in that court, but no original authority to fix bail on appeal after conviction. *State* v. *Cook,* 7 Ohio App., 1, 44 N. E. (2d), 474; *State* v. *McGee,* 27 Ohio Law Abs., 578, 31 N. E. (2d), 171. Those cases were decided before the enactment of Section 13459-8(a), General Code, which provides as follows:

"The Court of Common Pleas, Court of Appeals, or Supreme Court of Ohio, or any judge thereof, to which court an appeal is taken from an inferior tribunal,

shall have the same power and authority to suspend the execution of sentence during the pendency of such appeal and admit the defendant to bail as is provided for by law in respect to said inferior tribunal.''

Under this section the Court of Appeals, or a judge thereof, is given power and authority to suspend the execution of the sentence and admit the defendant to bail ''during the pendency of such appeal.'' The words, ''during the pendency of such appeal,'' refer to the pendency in the same court in which the suspension of sentence and admission to bail are sought. The appeal must be pending, otherwise the court lacks power and authority to suspend the sentence or admit to bail.

Is the appeal pending in this court? The defendant was duly tried, convicted and sentenced in the Common Pleas Court for the crime of assault with intent to commit rape. An appeal was taken to this court which, on June 21, 1950, affirmed the judgment. A mandate was issued to the Common Pleas Court for execution of judgment. Notice of appeal to the Supreme Court has been duly filed.

After a case is remanded to the trial court, the reviewing court is without jurisdiction to entertain a motion to suspend the sentence and admit the defendant to bail. The appeal is no longer pending in the reviewing court. *New York Central Rd. Co.* v. *Francis,* 109 Ohio St., 481, 143 N. E., 187; *C. E. McCune Co.* v. *Warndorf,* 55 Ohio App., 279, 283, 9 N. E. (2d), 709; *McDowell* v. *State,* 33 Ohio App., 319, 322, 169 N. E., 463. See, also, 2 Ohio Jurisprudence, 1772, Section 950. The rights of the defendant under such circumstances are controlled by Sections 13453-2 and 13459-8, General Code. The motion is overruled.

*Motion overruled.*

MILLER, P. J., and HORNBECK, J., concur.