JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Village of Highland Hills appeals from a judgment of the common pleas court ordering the reinstatement of plaintiff-appellee Richard Summers to his position as patrolman in the village police department and awarding him back pay of $48,000 and attorney's fees of $11,929.94. The village raises six assignments of error to the court's decision:
 {¶ 2} "[I.] Whether [sic] the trial court erred in awarding $48,000 in back pay plus $11,929.94 in attorney fees in an administrative appeal pursuant to Chapter 2506 of the Ohio Revised Code in light of the proscriptions of Ohio Revised Code Section 2506.04?
 {¶ 3} "[II.] Whether the trial court erred in reinstating appellee and not remanding the case pursuant to Ohio Revised Code Section 2506.04?
 {¶ 4} "[III.] Whether the trial court erred in awarding attorney fees herein in light of Ohio Revised Code Section 2506.04?
 {¶ 5} "[IV.] Whether the trial court erred in overruling appellant's motion to dismiss?
 {¶ 6} "[V.] If the trial court did not error [sic] in awarding appellee's lost wages, did the trial court error [sic] in not allowing the set-off proven at the time of the hearing?
 {¶ 7} "[VI.] Whether the trial court erred in granting appellees' motion to show cause?"
 {¶ 8} We find the common pleas court had no jurisdiction to order Summers' reinstatement, back pay and attorney's fees after it remanded the matter to the personnel board of review. Therefore, we reverse and remand with instructions to dismiss.
 FACTS AND PROCEEDINGS BELOW {¶ 9} Summers was employed as a part-time patrolman in the village police department. He was injured in an off-duty motor vehicle collision in December 1991, and was unable to return to work for a time. When he sought to return to work, he was informed that he needed to (1) provide the village with a report from his doctor and a release allowing the village to inspect his medical records, and (2) submit to a medical examination by the village physician. Summers refused to release all of his medical records for the village's review. As a result, the chief of police suspended Summers for insubordination and asked the mayor to discharge him.
 {¶ 10} The mayor found just cause to terminate Summers' employment. Summers appealed this decision to the village personnel board of review which, after a hearing, affirmed the mayor's decision. Summers then appealed this decision to the common pleas court pursuant to R.C.2506.01. The common pleas court affirmed the board's decision. Summers further appealed the matter to this court, which reversed. This court held that Summers' refusal to provide a blanket medical release was not a proper basis for terminating his employment, and remanded the matter for "further proceedings consistent with this opinion."
 {¶ 11} On remand, the common pleas court dismissed the matter with prejudice, and ordered that, "[c]onsistent with the opinion of the Eighth District Court of Appeals, the decision of the Village of Highland Hills Board of Review to terminate Richard M. Summers from the Highland Hills Police Department is reversed. The matter is remanded for completion of Mr. Summers' medical examination in connection with his return to work.Final." [Emphasis in original.]
 {¶ 12} Only two months after this order was entered, on April 3, 2000, Summers filed a motion to show cause asserting that the village failed to conduct the medical examination and to reinstate him. Furthermore, Summers demanded an award of back pay, damages, reinstatement or front pay, prejudgment interest and attorney's fees. The court conducted a show cause hearing on May 10, 2000, after which it ordered the parties to schedule an independent medical examination of Summers within thirty days.
 {¶ 13} On September 26, 2000, the court entered the following order:
 {¶ 14} "Pursuant to the remand by the Eighth District Court of Appeals, effective immediately, Plaintiff is reinstated to his position in the village of Highland Hills at the same rank and grade. Plaintiff's application for back pay, interest and attorney fees is set for October 19, 2000 at 10:30 a.m. in courtroom 18B."
 {¶ 15} The village filed a motion to dismiss this proceeding for lack of subject matter jurisdiction on October 2, 2000. The court did not address this motion but instead entered the following order on December 28, 2000:
 {¶ 16} "Judgment rendered in favor of the plaintiff, Richard Summers, and against the defendant, Village of Highland Hills, pursuant to this court's evidentiary hearing held on December 12, 2000, in the sum of $48,000 plus $11,929.94 in attorneys fees. Statutory interest shall acrue [sic] from the date of July 29, 1999. Final."
 LAW AND ANALYSIS {¶ 17} The village's fourth assignment of error is dispositive of this appeal. The village argues that the common pleas court erred when it tacitly[1] overruled the village's motion to dismiss for lack of subject matter jurisdiction. We agree.
 {¶ 18} R.C. 2506.04 governed the common pleas court's disposition of this matter following this court's order of remand in connection with the previous appeal. That statute allowed the court, "[c]onsistent with its findings," to "* * * affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court." Based upon R.C. 2506.04, and in keeping with our order of remand, the common pleas court reversed the order terminating Summers' employment and remanded the matter to the board with instructions for the board to order the village to conduct a medical examination and determine whether Summers was medically able to return to work.
 {¶ 19} Once it remanded the matter to the personnel board of review, the common pleas court had no further power to act in the appeal. New York Central RR Co. v. Francis (1924), 109 Ohio St. 481. The board — not the common pleas court — had jurisdiction to order the village to conduct a medical examination. If the village failed to comply with the board's order, "its action may be controlled, either upon a new appeal * * * or by writ of mandamus * * *." State ex rel. Heckv. Kessler (1995), 72 Ohio St.3d 98, 101 (quoting In re Sanford Fork Tool Co. (1895), 160 U.S. 247, 255-56). A motion to show cause in the common pleas court was not an appropriate remedy, because the village did not violate any order of the common pleas court; the common pleas court's order was directed to the board, not the village.
 {¶ 20} If the board ordered the village to conduct the exam and the village failed to act upon that order, mandamus was the proper remedy. "An action in mandamus is a proper course by which wrongfully discharged public employees may seek to compel their employer to abide by orders of the * * * Personnel Board of Review disaffirming their discharges." State ex rel. Butterbaugh v. Ross Cty. Bd. of Commrs.
(1992), 79 Ohio App.3d 826, 835. Appeal would not be an available or adequate remedy under these circumstances because the appeal "would be asking the court of appeals to say again what he maintain[s] the court already said. Mandamus [is] the only means available to him to put teeth into that adjudication." State ex rel. Heck, 72 Ohio St.3d at 102. Summers would not be able to file another appeal until the village took some action; before that time, mandamus is the means of compelling the village to comply with its duty to conform to the board's orders. Stateex rel. Olander v. Ohio Environmental Protection Agency (1989),45 Ohio St.3d 196, 198; Butterbaugh, 79 Ohio App.3d at 835-36.
 {¶ 21} We find that the common pleas court had no jurisdiction to order Summers' reinstatement, back pay, and attorney's fees on a motion to show cause. Therefore, we reverse and remand with instructions to the common pleas court to dismiss the motion to show cause.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A. J. CONCURS
 DIANE KARPINSKI, J. (DISSENTS WITH SEPARATE DISSENTING OPINION)
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] The court did not explicitly rule on the motion, but presumptively overruled it when it awarded Summers damages and attorney's fees. In reHitchcock (1996), 120 Ohio App.3d 88, 97.