NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HALO ELECTRONICS, INC.,**
*Plaintiff-Appellant*

**v.**

**PULSE ELECTRONICS, INC., FKA PULSE ENGINEERING, INC., PULSE ELECTRONICS CORPORATION, FKA TECHNITROL, INC.,**
*Defendants-Cross-Appellants*

---

2023-1772, 2023-1966

---

Appeals from the United States District Court for the District of Nevada in No. 2:07-cv-00331-APG-PAL, Judge Andrew P. Gordon.

---

Decided: February 28, 2025

---

JOHN A. DRAGSETH, Fish & Richardson P.C., Minneapolis, MN, argued for plaintiff-appellant. Also represented by MICHAEL J. KANE.

W. WEST ALLEN, Howard & Howard Attorneys PLLC, Las Vegas, NV, argued for defendants-cross-appellants. Also represented by JONATHAN F. KARMO, Royal Oak, MI.

---

Before PROST, BRYSON, and REYNA, *Circuit Judges*.

BRYSON, *Circuit Judge*.

This 18-year-old patent infringement action comes before this court for the fifth time. The patentee, plaintiff Halo Electronics, Inc. ("Halo"), appeals from the district court's denial of its motion for enhanced damages and attorney fees, and from the district court's denial of a new trial on damages. The defendants, Pulse Electronics, Inc. and Pulse Electronics Corporation (collectively, "Pulse") cross-appeal from the district court's award of prejudgment interest. We affirm the district court's denial of the motion for enhanced damages and attorney fees, as well as the court's denial of the motion for a new damages trial. We vacate the district court's award of prejudgment interest and remand to the district court to re-calculate the interest due to Halo as directed in this opinion.

I

Halo brought this lawsuit against Pulse in 2007, and the case went to trial in 2012. The jury found direct and induced infringement of several of Halo's asserted patent claims, and it found that Pulse's infringement was willful. App. 531–39. The jury awarded a total of $1.5 million as damages for Pulse's infringement. App. 541.

On May 28, 2013, the district court entered judgment against Pulse in the amount of $1.5 million. Dkt. No. 523. Although Halo sought an award of enhanced damages under 35 U.S.C. § 284, the district court found that Halo did not prove by clear and convincing evidence that Pulse acted despite an objectively high risk of infringement, a required predicate for enhancement by then-controlling precedent. Dkt. No. 522. Halo sought review of the May 28, 2013, judgment, which ultimately led to a Supreme Court decision that articulated a new standard for

awarding enhanced damages. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93 (2016).

In July 2015, while this case was pending before the Supreme Court, Halo filed a motion in the district court seeking supplemental damages for direct infringement between June 2012 and October 2013. Halo also requested that the district court order Pulse to produce data that could be used to assess supplemental damages for induced infringement during that period. Dkt. No. 582. At the same time, Halo moved for an award of pre- and post-judgment interest on the $1.5 million judgment and on the supplemental damages. *Id.*

On April 6, 2016, the district court awarded Halo $388,043 in supplemental damages for direct infringement and ordered Pulse to produce data that Halo could use to assess supplemental damages for induced infringement. Dkt. No. 591 at 1. The district court also awarded Halo prejudgment interest at the rate set forth in Nev. Rev. Stat. § 17.130, compounded annually, through May 28, 2013, and post-judgment interest from May 28, 2013, at the rate set forth in 28 U.S.C. § 1961. *Id.* The district court directed Halo to prepare an updated calculation of the total amount of interest due and to provide that calculation to Pulse. The parties disagreed on that calculation and submitted briefs to the district court addressing that issue. Dkt. Nos. 592, 593.

Before the district court determined which calculation of the interest would be used, however, Pulse appealed the order stating that interest would be awarded. This court dismissed that appeal in May 2017 because the order from which the appeal was taken was not final. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 857 F.3d 1347, 1351 (Fed. Cir. 2017) (holding that the April 6, 2016, order was not final because "[t]he district court never resolved the parties' dispute regarding the date from which to begin calculating

prejudgment interest or set the amount of prejudgment interest to be awarded to Halo").

In August 2016, while Pulse's appeal from the order regarding prejudgment interest was pending, we vacated the unenhanced damages award and remanded the case for the district court to determine whether an award of enhanced damages was appropriate in light of the Supreme Court's *Halo* decision. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 831 F.3d 1369 (Fed. Cir. 2016). In every other respect, however, we affirmed the May 28, 2013, judgment of the district court. *Id.*

On September 27, 2016, the district court held a status conference to discuss post-remand proceedings. *See* Dkt. No. 605. A few weeks later, Halo filed a motion for enhanced damages and attorney fees. App. 756–85. While that motion was pending, the parties filed a stipulation acknowledging that Pulse had paid the full amount of the $1.5 million judgment entered against it in 2013. Dkt. No. 612 at 2. The parties further stipulated that Pulse had paid $47,500 for supplemental inducement damages and $6,131.76 for "post-judgment interest from the date of entry of judgment through and including November 16, 2016." *Id.* The stipulation referred to the post-judgment interest issue as "resolved," but excluded prejudgment interest. *Id.* The stipulation did not expressly refer to the award of $388,043 in supplemental damages for direct infringement. The district court approved the stipulation on November 21, 2016.

On September 6, 2017, the district court denied Halo's motion for enhanced damages and attorney fees. App. 11–23. The order did not address the amount of prejudgment interest to be awarded to Halo. The order nevertheless stated that "the clerk of the court shall enter judgment accordingly and close this case." App. 23. The same day, the clerk entered a document with the heading, "Judgment in a Civil Case," which stated: "[J]udgment has been

entered pursuant to [the September 6, 2017] Order. See Order for details." App. 24.

Following the clerk's entry of judgment and the order closing the case, nothing happened for nearly three years. Then, on July 30, 2020, Halo filed a motion seeking prejudgment interest and a new damages trial. App. 1615–35. Halo pointed out that the district court had not made a final ruling on the issue of prejudgment interest. As for damages, Halo argued that *WesternGeco LLC v. ION Geophysical Corp.*, 585 U.S. 407 (2018), was intervening case law that permitted it to seek additional damages for Pulse's activities outside the United States. App. 1619.

The district court denied the July 2020 motion as untimely, App. 10, and Halo took an appeal from that order. We dismissed that appeal, holding that the judgment entered on September 6, 2017, was not a final judgment because the district court had not decided the amount of prejudgment interest to be awarded. *See Halo Elecs., Inc. v. Bel Fuse, Inc.*, 2021-1861, 2022 WL 1435382, at *3 (Fed. Cir. 2022). We noted that "[i]n the event of further proceedings in this case, the district court will have the discretion either to adjudicate the amount of prejudgment interest to be awarded to Halo or to consider whether to terminate the proceedings on Halo's request for prejudgment interest and any further relief based on Halo's failure to prosecute after September 2017." *Id.* (citing Fed. R. Civ. P. 41(b) and *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)).

On remand, Pulse requested that the court terminate all proceedings under Federal Rule of Civil Procedure 41(b). Dkt. No. 660. Following briefing of that issue, the district court on March 7, 2023, entered an order awarding "a limited amount of prejudgment interest." App. 1. However, the court denied Halo's request for a new trial on additional damages. *Id.*

On March 27, 2023, the district court entered judgment against Pulse in the amount of $3,182,049.62, which consisted of the $1.5 million damages awarded by the jury, $388,043 in supplemental damages for direct infringement, and $1,294,006.62 in prejudgment interest. *See* App. 2554; Dkt. No. 668. Both parties have appealed from that judgment.

## II

Halo's first claim on appeal is that the district court should have granted its request for enhanced damages.[1] After considering the evidence submitted by the parties, the district court found that Pulse's infringement was not "so egregious and unusual that enhanced damages are needed here." App. 19. Halo argues that the court's refusal to award enhanced damages was an abuse of discretion because the district court "reject[ed] the jury's findings on Pulse's intent," and the failure to "accept all explicit and implicit findings of the jury on a defendant's intent" violates the Seventh Amendment. Halo's Br. at 18.

We review a district court's decision regarding enhanced damages for an abuse of discretion. *Ironburg*

---

[1] The district court also denied Halo's request for an award of attorney fees under 38 U.S.C. § 285 on the ground that "the totality of the evidence reveals that Pulse did not defend this case so unreasonably as to make it an exceptional case." App. 22. Although Halo contends that the district court erred in refusing to award "enhancement or fees," Halo's Br. at 16, Halo does not make any argument specific to the issue of attorney fees. At most, Halo suggests (without citing support) that "a finding of willfulness fully overlaps factually with multiple considerations in equitably deciding whether to enhance damages or award attorney fees." *Id*. at 17. We therefore do not separately address the district court's denial of attorney fees.

*Inventions Ltd. v. Valve Corp.*, 64 F.4th 1274, 1300 (Fed. Cir. 2023). "We may find an abuse of discretion on a showing that the court made a clear error of judgment in weighing relevant factors or exercised its discretion based upon an error of law or clearly erroneous factual findings." *Ecolab, Inc. v. FMC Corp.*, 569 F.3d 1335, 1352 (Fed. Cir. 2009). We hold that the district court did not abuse its discretion in denying enhanced damages in this case.

## A

Under 35 U.S.C. § 284, "the court may increase the damages up to three times the amount found or assessed." Prior to the Supreme Court's decision in *Halo*, we had held that a plaintiff seeking enhanced damages had to establish willful infringement, which in turn required a showing of both objective and subjective recklessness. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1368–71 (2007). The Supreme Court in *Halo* rejected the *Seagate* test in favor of a less rigid standard granting substantial discretion to district courts in determining whether to award enhanced damages. *See Halo*, 579 U.S. at 103 ("[T]he language [of section 284] contains no explicit limit or condition, and . . . the word 'may' clearly connotes discretion.").

The Supreme Court explained that district courts are permitted "to exercise their discretion in a manner free from the inelastic constraints of the *Seagate* test." *Id.* at 104. The exercise of discretion is to be guided instead by principles "developed over nearly two centuries of application and interpretation of the Patent Act . . . limiting the award of enhanced damages to egregious cases of misconduct beyond typical infringement." *Id.* at 110; *see also id.* at 103 ("Awards of enhanced damages under the Patent Act over the past 180 years establish that they are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior."). As *Halo* makes clear, however, "none of this is to say that enhanced damages must

follow a finding of egregious misconduct." *Id.* at 106. "As with any exercise of discretion, courts should continue to take into account the particular circumstances of each case in deciding whether to award damages, and in what amount." *Id.*

Our case law has since emphasized that "[w]illfulness and enhancement are separate issues," *Ironburg*, 64 F.4th at 1295, and that "an award of enhanced damages does not necessarily flow from a willfulness finding," *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1382 (Fed. Cir. 2017). Substantively, willfulness requires "no more than deliberate or intentional infringement." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021). Willfulness does not require "wanton, malicious, and bad faith" conduct, of the sort that may warrant enhanced damages. *See id.*

Willfulness and enhancement also differ procedurally. In a jury trial, willfulness is for the jury, while enhancement is for the court once an affirmative finding of willfulness has been made by the jury. *Eko Brands*, 946 F.3d at 1378; *see also WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("We do not interpret *Halo* as changing the established law that the factual components of the willfulness question should be resolved by the jury."). "Questions of whether an accused patent infringer's conduct was 'egregious behavior' or 'worthy of punishment'" are appropriate only at the enhancement stage. *Eko Brands*, 946 F.3d at 1378.

B

Halo does not dispute that enhancement is discretionary and that the jury's finding of willfulness does not compel the award of enhanced damages. *See* Halo's Br. at 19–20. Nonetheless, Halo argues that "a court 'must' start by accepting the jury findings when considering enhancement." *Id.* at 21. For support, Halo quotes our statement in *SRI International* that "we presume, as we must, that

consistent with the court's instructions, the jury found that Cisco had no reasonable basis to believe that it did not infringe or that it had a reasonable defense to infringement." 14 F.4th at 1328.

Halo mischaracterizes that statement as having addressed the issue of enhancement. We referred to the jury's findings in *SRI International* because the district court had granted judgment as a matter of law of no willful infringement, and the question before us was whether substantial evidence supported the jury's finding of willful infringement. *See id.* at 1330 ("Under the proper test for willfulness, and considering the presumed jury findings above, we conclude that substantial evidence supports the jury's willful infringement finding. We thus reverse the district court's JMOL of no willful infringement and reinstate the jury verdict of willful infringement."). *SRI International* does not support Halo's argument that there are explicit or implicit jury findings that bind the district court when exercising its discretion on enhancement.

Nor does this case touch on the Seventh Amendment principle that when a jury verdict and a court ruling in the same case turn on the same issue, the court must defer to the jury's resolution of that issue. *See, e.g., Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959). As this court has made clear, once there is a finding of willfulness, enhancement requires the district court to answer a further question about the egregiousness of the defendant's misconduct under the totality of circumstances. *See SRI International*, 14 F.4th at 1330; *Presidio Components*, 875 F.3d at 1382; *WBIP*, 829 F.3d at 1341 n.13. This case is unlike *Los Angeles Police Protective League v. Gates*, 995 F.2d 1469, 1473–74 (9th Cir. 1993), the case that Halo primarily relies on, where the sole reason provided for the district court's equitable decision contradicted a fact that was specifically implied from the jury's verdict.

10      HALO ELECTRONICS, INC. v. PULSE ELECTRONICS, INC.

Halo argues that the district court's decision is irreconcilable with the jury's verdict on willfulness, but that is not so.[2]  Acknowledging the jury's finding of willful infringement, the district court correctly noted that the jury's finding was "but one factor" in determining whether "this is a 'rare' case warranting extraordinary punishment for a defendant."  App. 19.  Nor did the court reject the jury's willfulness verdict by considering "evidence that [Pulse] had a basis to believe that it was not infringing Halo's patent or that the patent was invalid during the relevant time periods when it was infringing."  App. 21.  Consideration of such evidence suggests that the court regarded the issue of Pulse's reckless disregard as a close question that did not warrant enhanced damages.  *See Sunoco Partners Mktg. & Terminals L.P. v. U.S. Venture, Inc.*, 32 F.4th 1161, 1177 (Fed. Cir. 2022) (listing "the closeness of the case" as a factor that may guide the court in the enhancement analysis).

According to the district court, there was "significant evidence suggesting that at the relevant times when it infringed, Pulse believed that Halo's patents were invalid or not infringed."  App. 19.  The court cited "evidence that Pulse created several similar transformer designs throughout the 1980s and 1990s," and that "Pulse submitted drawings prepared by one of its engineers in 1997, which

---

[2]  The jury found that it was "highly probable that Pulse's infringement was willful."  App. 539.  That finding reflected the instruction that to prove willful infringement, Halo had to prove that "prior to the filing date of the complaint, Pulse acted with reckless disregard of the claims of Halo's patents."  Dkt. No. 470 at 18.  The jury was further instructed that to demonstrate "reckless disregard," Halo had to prove that "Pulse actually knew, or it was so obvious that Pulse should have known, that Pulse's actions constituted infringement of a valid patent."  *Id.*

disclosed this open design."[3]  App. 20.  The court also cited the testimony of Pulse's engineer that "he analyzed Halo's patent in 2002 and concluded that it was invalid," a conclusion that he shared with members of Pulse's management team.  *Id.*

The district court further pointed out that when Halo contacted Pulse about paying for a license, Halo told Pulse it had "not yet reached any conclusive determination as to whether [Pulse's] products" were infringing Halo's patents. *Id.*  The court remarked that "[i]f Halo itself was not sure that Pulse's products infringed Halo's own patents, it is hard to claim that Pulse subjectively knew it was infringing at that time."  App. 20–21.

Finally, the district court noted that in our prior opinion in the first *Halo* appeal, we held that "[t]he record shows that although Pulse was ultimately unsuccessful in challenging the validity of the Halo patents, Pulse did raise a substantial question as to the obviousness of the Halo patents."  *See* App. 21 (quoting *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 769 F.3d 1371, 1382 (Fed. Cir. 2014)).[4]

---

[3]  Contrary to Halo's assertion, Halo's Br. at 23, the jury's finding of willfulness does not imply a finding that Pulse copied Halo's inventions. *See Ironburg*, 64 F.4th at 1300 ("[T]he jury could have predicated its finding of willful infringement on 'deliberate or reckless disregard of plaintiff's patent rights,' . . . without necessarily finding that [the defendant] copied [the plaintiff's] patent claims.").

[4]  The Supreme Court in *Halo* did not address whether Pulse raised a substantial question as to obviousness.  This court has held, however, that after *Halo,* the objective reasonableness of the accused infringer's positions can still be relevant for the district court to consider when exercising its discretion" to enhance damages.  *WesternGeco L.L.C. v.*

12          HALO ELECTRONICS, INC. v. PULSE ELECTRONICS, INC.

In sum, based on "all of the circumstances and evidence," the district court held that Pulse's infringement was not "so egregious and unusual that enhanced damages are needed here." App. 19.  The district court thus applied the correct standard for enhancement under controlling precedent, and there was no clear error in its factual findings.

C

As a related but assertedly "independent error," Halo argues that the district court erred by relying on the two opinion letters that Pulse obtained, which concluded that Halo's patents were invalid.  Halo's Br. at 25; *see also* App. 20.  Halo argues that it was error for the court to consider those letters because Pulse previously withheld them as privileged.  Halo's Br. at 25.  We agree that "[t]he privilege which protects attorney-client communications may not be used both as a sword and a shield." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992).  However, we do not view the district court's reliance on the opinion letters as having affected Halo's substantial rights.  *See* 28 U.S.C. § 2111 ("On the hearing of any appeal or writ of certiorari in any case, the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties.").  As explained above, there was considerable other evidence of the closeness of the case that supported the court's ruling on enhanced damages.

We therefore hold that the district court did not abuse its discretion by denying enhanced damages in this case.

---

*ION Geophysical Corp.*, 837 F.3d 1358, 1363 (Fed. Cir. 2016), *rev'd on other grounds*, 585 U.S. 407 (2018).

## III

### A

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute . . . a defendant may move to dismiss the action or any claim against it." Applying Rule 41(b), the district court awarded Halo "a limited amount of prejudgment interest." App. 1. In addition, the court denied Halo's motion for a new trial for additional damages that were not available at the time of the original trial in the case. *Id.*

Halo argues that the district court erred with respect to both issues. First, Halo argues that it was error to deny a "limited trial" on Halo's claim for additional damages attributable to Pulse's overseas activities. Halo's Br. at 30. Second, Halo argues that the district court "substantially lessen[ed] the amount of interest due to Halo by ending interest period in 2017 rather than 2023." *Id.* Halo argues that the amount of interest, if correctly calculated, would be more than $2.3 million. Halo's Reply Br. at 32.

In its cross-appeal, Pulse argues that the district court should have denied prejudgment interest altogether for Halo's failure to prosecute under Rule 41(b). Pulse's Br. at 23. In the alternative, Pulse argues that the court erred by "(1) awarding prejudgment interest under Nev. Rev. Stat. §17.130 instead of the annual treasury bill rate; (2) accepting Halo's calculations that ignore the incremental nature of the damages period; and (3) permitting interest into 2017 even though . . . Pulse satisfied the judgment and all post-judgment interest issues as of November 2016." *Id.*

We apply regional circuit law to the review of motions to dismiss. *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015). The Ninth Circuit reviews dismissals under Rule 41(b) for abuse of discretion. *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019). The district court's exercise of discretion under

Rule 41(b) "should not be disturbed unless there is a definite and firm conviction that the court . . . committed a clear error of judgment in the conclusion it reached upon weighing of the relevant factors." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).

"A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010). "In addition, the district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id.*

The district court analyzed each of those factors to deny Halo's motion for a new trial while resolving Halo's outstanding claim for prejudgment interest. As explained below, we hold that the district court did not abuse its discretion in denying the motion for a new trial or in awarding prejudgment interest despite Halo's unreasonable delay. However, we disagree with the district court's calculation of the amount of prejudgment interest and remand for an adjustment in the amount of the interest award to Halo.

B

In April 2016, the district court awarded prejudgment interest to Halo without determining the amount. While Pulse's appeal of the April 2016 order was pending, the district court held its September 27, 2016, status conference. The minute entry for that conference states: "The Court makes preliminary remarks and a discussion ensues regarding whether or not the federal circuit's decision will affect the Court's ruling on the motion for accounting and the interest calculation. The Court will take this issue under advisement and issue a written order." Dkt. No. 605.

When the district court closed the case a year later, in September 2017, it still had not issued a written order on the calculation of prejudgment interest. On October 8, 2017, Halo's counsel stated in an email to Pulse's counsel: "[W]e should try to figure out whether a settlement is possible this week, and if not, contact the Court to have it quantify the interest due." Dkt. No. 662-1 at 2. Halo, however, did not file anything regarding the prejudgment interest issue until July 30, 2020, nearly three years later. Considering these facts under Rule 41(b), the district court held that "Halo unreasonably delayed its renewed request for prejudgment interest." App. 2.

Halo argues that there was no failure to prosecute on its part because it had fully briefed the prejudgment interest issue and the district court had committed to entering a "written order" in the September 2016 minute entry. Halo's Br. at 30. Halo also characterizes the September 2017 closing of the case as an "administrative closing" that did not place any burden on Halo to protest that the case had been closed without calculating prejudgment interest. Halo cites *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999), in support of its assertion that "it is normal for a court to administratively close a case that has pending briefing, and later re-open the case," and that administrative closings allow a court to get a motion "off the court's docket to avoid hassling from administrators." *Id*. at 31–32.

As the district court correctly noted, the September 2017 judgment and order closing the case was not an "administrative closing." App. 3 n.2. In *Lehman*, the order that was deemed to have "administratively" closed the case stated: "In order to avoid the necessity for counsel to appear at period status conferences, it is hereby ORDERED that the above-entitled action be and hereby is dismissed without prejudice to either party moving to restore it to the docket if any further action is required upon completion and termination of all bankruptcy or arbitration

proceedings." 166 F.3d at 381. The court's order thus expressly left open the possibility of future proceedings, which has been treated as an indication of an administrative closing rather than a final judgment in the case. *See WRS, Inc. v. Plaza Ent., Inc.*, 402 F.3d 424, 426–27 (3d Cir. 2005) (treating an order as an administrative closing where the order provided that the clerk shall "mark the above-captioned case as closed" and added that "*should further proceedings therein become necessary or desirable, any party may initiate the same in the same manner as if this order had not been entered*") (emphasis in original); *Mercer v. Allegheny Ludlum Corp.*, 132 F.R.D. 38 (W.D. Pa. 1990).[5]

Nothing in the language of the September 2017 order in this case contemplated the possibility of further proceedings. To be clear, the district court was mistaken in its belief that there were no remaining issues in the case. But mistaken or not, the district court made clear that it regarded the case as over. Given Halo's knowledge in September 2017 that the prejudgment interest issue remained

---

[5] In *Penn West Associates, Inc. v. Cohen*, 371 F.3d 118 (3d Cir. 2004), cited by Halo, the court found that the order in question constituted an "administrative closing" and did not have the effect of entering final judgment in the case. The court noted that the closing order, like the order in *Lehman*, did not state that the court was entering judgment, but merely directed the clerk to mark the case closed. *See id.* at 121, 126. In this case, the district court specifically directed the clerk to "enter judgment" in the case, App. 23, and the clerk did so in a document entitled "Judgment in a Civil Case," which stated that "judgment has been entered" in accordance with the court's September 6, 2017, order. Under those circumstances, the court's order cannot reasonably be interpreted as merely an "administrative closing."

unresolved, Halo unreasonably delayed filing its motion for a new trial and for prejudgment interest until July 2020.[6]

### C

In 2011, the district court granted Pulse's motion for summary judgment in which the court rejected Halo's argument that Pulse was liable for the overseas sales of the allegedly infringing products. The court held that "liability under [35 U.S.C.] § 271(a) requires infringing activity within the United States" and that "Pulse is not liable for direct infringement based on its sales of accused products outside of the United States." App. 481. In June 2018, after the district court had closed this case, leaving only the issue of prejudgment interest unresolved, the Supreme Court decided *WesternGeco LLC v. Ion Geophysical Corp.*, 585 U.S. 407 (2018). Halo contends that *WesternGeco* is contrary to the district court's 2011 summary judgment ruling and justifies a new trial on damages. Halo filed its motion for a new trial on July 30, 2020.

---

[6] In response to Pulse's cross-appeal seeking dismissal of the claim for prejudgment interest, Halo argues that "the Ninth Circuit prevents dismissals under Rule 41(b) unless a party has first been warned that dismissal is imminent and still does not act." Halo's Reply Br. at 33. The Ninth Circuit has explained, however, that dismissal without a warning may be warranted under "egregious circumstances" or where the "harsh sanction of dismissal should not have surprised [the] plaintiff." *Johnson v. U.S. Dep't of the Treasury*, 939 F.2d 820, 825 (9th Cir. 1991) (citations and internal quotation marks omitted).

Moreover, "there is no warning requirement when dismissal follows a noticed motion under Rule 41(b)." *Morris*, 942 F.2d at 652. We construe Pulse's request to dismiss in the joint status report as a motion to dismiss.

Invoking Rule 41(b), the district court denied the motion for a new trial on damages. The court explained that if Halo "truly believed that it was entitled to ask for a new trial, it should have moved shortly after" *WesternGeco* was decided and not two years after that decision. App. 6 n.3. In addition to Halo's unreasonable delay in raising the issue, the district court found that every Rule 41(b) factor weighed in favor of dismissal. Regarding prejudice to Pulse in particular, the district court held that "it is likely that another trial would create the need for additional discovery and expert witnesses" and that "[e]ven new discovery may not be sufficient as some of the acts giving rise to this lawsuit occurred over 20 years ago, and witnesses' memories no doubt have diminished." App. 5.

Halo makes two arguments specific to its request for a new damages trial. First, Halo argues that "both expert and fact discovery were complete on the relevant damages issue when the district court ruled against Halo on summary judgment," and thus "the parties will be able to work off the already-generated record." Halo's Br. at 40. Second, Halo argues that the district court "wholly ignores that Halo could not raise the issue [of a new damages trial] because the case was closed." *Id.* at 41. Halo suggests that it had to wait until "it became clearer that the district court was probably not going to act on the motion [for prejudgment interest], as it had committed to do." *Id.*

Halo's arguments fail to show that the district court abused its discretion in denying Halo's motion for a new trial on damages. Halo's contention that it could not promptly move for a new trial on damages because the case was closed makes no sense. The fact that the case was closed did not discourage Halo from moving for a new damages trial two years later, in July 2020. Nor was there any reason for Halo to wait on the resolution of the prejudgment interest issue before moving for a new damages trial. Halo could have and should have moved promptly after *WesternGeco* was decided, not two years

later. Halo's arguments are thus insufficient to create "a definite and firm conviction that the court . . . committed a clear error of judgment in the conclusion it reached upon weighing of the relevant factors" under Rule 41(b). *Morris*, 942 F.2d at 652.

## D

After finding that Halo unreasonably delayed its renewed request for prejudgment interest, the district court nonetheless held that "Halo is entitled to prejudgment interest at the rate set forth in Nev. Rev. Stat. § 17.130, compounded annually, from the time of service of the summons and complaint through September 6, 2017." App. 7. We hold that the district court did not abuse its discretion in ruling that it should decide the prejudgment interest issue despite Halo's delay in raising it. However, we disagree with the district court's calculation of the prejudgment interest and remand for the court to correct the amount of interest owed to Halo.

Unreasonable delay is but one factor to consider under Rule 41(b). Although Pulse argues that "[u]nreasonable delay, standing alone, justifies dismissal of . . . Halo's request for prejudgment interest," Pulse does not cite any case law holding that unreasonable delay requires dismissal. *See* Pulse's Br. at 20. Pulse cites only cases holding that there is a rebuttable presumption of prejudice from unreasonable delay. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

Considering other Rule 41(b) factors, the district court held that the prejudgment interest issue can now be resolved expeditiously, "without significant additional effort," and that "[a]warding that interest now facilitates resolution of the case on the merits." App. 3–5. The district court also found limited prejudice to Pulse in awarding

prejudgment interest to Halo.[7]  App. 4.  In light of those factors, it was not an abuse of discretion for the district court to grant Halo's renewed request for prejudgment interest, notwithstanding Halo's unreasonable delay in requesting it.

The district court also did not err by awarding prejudgment interest "at the rate set forth in Nev. Rev. Stat. § 17.130, compounded annually."  App. 7.  Although the district court did not explain its rationale for calculating interest in that manner, the parties had briefed the issue of interest calculation, and the court followed Halo's proposal, thus implicitly adopting Halo's reasoning.  *See* Dkt. Nos. 582, 592, 593.  We find no abuse of discretion in that portion of the district court's prejudgment interest award.

Contrary to Pulse's contention, *Torres v. Goodyear Tire & Rubber Co.*, 317 P.3d 828, 831 (Nev. 2014), does not prohibit the award of compound interest in this case.  While the Nevada Supreme Court in that case held that the Nevada statute governing the computation of interest on judgments ordinarily provides for simple interest, the statute contains an exception for cases in which a different rate of

---

[7] Pulse argues that the district court erroneously held that "Pulse's new owners purchased the company while the case was on appeal" and thus "assumed the risk that additional litigation (and related fees, costs, and potential damages) could arise."  App. 4.  But even though the case was not on appeal when the new owners purchased Pulse in December 2018, *see* Pulse's Br. at 19, Pulse knew as of October 2017 that "the prejudgment interest issue had not been resolved and Halo intended to pursue it," App. 4.  The district court cited Pulse's knowledge of the outstanding prejudgment interest issue, which is supported by the record, as another factor lessening any prejudice to Pulse from the order awarding interest.

interest is "specified in the judgment" as was the case here. *See* Nev. Rev. Stat. § 17.130(2).

Whether prejudgment interest for patent infringement "should be compounded or uncompounded [is] . . . left largely to the discretion of the district court." *Bio-Rad Lab'ys, Inc. v. Nicolet Inst. Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986); *see also Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1555 (Fed. Cir. 1995) (en banc) ("It has been recognized that an award of compound rather than simple interest assures that the patent owner is fully compensated. However, the determination whether to award simple or compound interest is a matter largely within the discretion of the district court." (citation and internal quotation marks omitted)).

Pulse asserts that *Laitram Corp. v. NEC Corp.*, 115 F.3d 947 (Fed. Cir. 1997), stands for the proposition that district courts must use the Treasury bill in calculating prejudgment interest unless there is "evidence that the patentholder would have borrowed money at a higher rate or any causal connection between any borrowing and the loss of use of money awarded because of the infringement." Pulse's Br. at 24. That is not an accurate characterization of our decision in *Laitram*. We merely concluded that on the facts of that case the district court did not abuse its discretion by using the Treasury bill rate. *See* 115 F.3d at 955.

Reviewing courts "afford district courts wide latitude in the selection of interest rates, and have permitted the use of statutory rates set by states, U.S. Treasury bill rates, and the prime rate." *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1076 (Fed. Cir. 2020) (internal quotation marks omitted); *see also Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991) (district court's award of prejudgment interest at the prime rate sustained in light of the "wide latitude" afforded to trial courts in selecting interest rates); *Datascope Corp. v.*

*SMEC, Inc.*, 879 F.2d 820, 829 (Fed. Cir. 1989) (district court's choice of annual compounding and the interest rate set by 28 U.S.C. § 1961 rather than the prime rate did not violate the "substantial discretion" a district court has to determine the interest rate in patent infringement cases).

Finally, we reject Pulse's argument that the district court erred by "assum[ing] that damages were all incurred at the outset of the case." Pulse's Br. at 27. Pulse cites no authority for its argument that the court's failure to "explain why it was proper to ignore the incremental nature of damages" is "necessarily an abuse of discretion." *Id.* To the contrary, as this court has explained, "[w]here a jury awards a lump-sum amount as a compensation for infringement, the prejudgment interest is properly applied to the entire amount beginning on the first date of the infringement." *Schwendimann*, 959 F.3d at 1076. The rationale for that rule is that the patentee should be placed in "as good a position as he would have been in had the infringer entered into a reasonable royalty agreement" at the outset of the infringement. *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983); *see also Comcast IP Holdings I LLC v. Sprint Commc'ns Co.*, 850 F.3d 1302, 1315 (Fed. Cir. 2017) (prejudgment interest assessed on the entire royalty award where the jury awarded a lump-sum amount).

The district court, however, did commit one error with respect to interest by allowing prejudgment interest to accrue until September 6, 2017. The district court's award of prejudgment interest up to the date of the 2017 judgment was based on Halo's suggestion of that date as a less drastic measure than allowing prejudgment interest to accrue until 2023. App. 6; *see also* App. 2480 (Halo's briefing on Rule 41(b) at the district court). The district court held that the proposal was "a fair resolution because [the September 2017] judgment should have included an award of prejudgment interest," and Halo's unreasonable delay in raising the issue after that should not be rewarded by including

prejudgment interest to the date of the court's March 7, 2023, order. App. 6. But rather than serving as a more conservative award, the award actually created a windfall for Halo.

The relevant judgment for purposes of calculating prejudgment interest with respect to the bulk of the damages at issue is not the September 2017 judgment (nor the March 2023 judgment, as Halo argues). We follow regional circuit law in determining the relevant date of judgment that "demarcates the boundary between pre- and postjudgment interest." *Transmatic, Inc. v. Gulton Indus., Inc.*, 180 F.3d 1343, 1347 (Fed. Cir. 1999). In the Ninth Circuit, different rules apply depending on whether a case involves only one "final, appealable" judgment or more. *See Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 990 (9th Cir. 2001). In a case involving more than one judgment, the relevant date of judgment is the date of the judgment that "sufficiently ascertained" the damages at issue. *Tinsley v. Sea-Land Corp.*, 979 F.2d 1382, 1383 (9th Cir. 1992); *see also Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835–36 (1990) ("[T]he purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." (citation omitted)).

This case involves more than one final, appealable judgment. The first was the May 2013 judgment for $1.5 million that Halo appealed in 2013. The other was the March 2023 judgment that formed the basis for the present appeal. The $1.5 million in damages were "sufficiently ascertained" in May 2013. We vacated the May 2013 judgment solely in order for the district court to determine whether enhancement was appropriate. *Halo*, 831 F.3d at 1382. That limited purpose did not allow the $1.5 million judgment to be reduced, as there was no evidentiary challenge to the corpus of the jury's award.

The district court therefore erred in awarding prejudgment interest on the $1.5 million award for the period past the date of the judgment for that amount, which was May 28, 2013. It was post-judgment interest, not prejudgment interest, that accrued from May 28, 2013, until the date of payment. Post-judgment interest under section 1961 applies not only to the amount of the judgment itself, but also to any prejudgment interest that accrued on the judgment. *See Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995) ("[P]ostjudgment interest under 28 U.S.C. § 1961 applies to the prejudgment interest component of a monetary award . . .. [F]ailure to apply postjudgment interest to prejudgment interest would result in the injured plaintiff bearing the cost resulting from the loss of the use of money and would thereby reward the defendant for having delayed satisfying the judgment.").[8]

---

[8] When Pulse paid the $1.5 million judgment in November 2016, Pulse also paid $6,131.76 in post-judgment interest and the parties stipulated that they had "resolved the issue of post-judgment interest from the date of entry of judgment through and including November 16, 2016." Dkt. No. 612 at 2. But given that the stipulation expressly stated that the issue of prejudgment interest was not yet resolved, it appears likely that Pulse's November 2016 payment did not include post-judgment interest on the prejudgment interest it owed Halo.

It may be unnecessary, however, to make a separate provision for the imposition of post-judgment interest on the prejudgment interest that accumulated on the $1.5 million award. The district court allowed compounding of the prejudgment interest, which in effect imposes interest on interest, thereby automatically compensating for the delay in payment of the prejudgment interest. The district court

E

As for the $388,043 in supplemental damages for direct infringement that the district court awarded in April 2016, no final, appealable judgment was entered including that amount until March 2023. Nevertheless, the record suggests that Pulse paid that amount on August 29, 2016, even though the parties' stipulation in November 2016 did not expressly refer to that payment. *See* App. 2538. On remand, the district court should determine whether the payment for those supplemental damages has been made and on what date. If Pulse paid the $388,043 on August 29, 2016, as the records suggest may be the case, no interest (whether pre- or post-judgment) may run past the date of payment. We therefore vacate the award of prejudgment interest up to September 6, 2017, and we direct that the total amount owed to Halo be calculated based on the foregoing analysis.

IV

To summarize, we affirm the district court's various rulings, except for its ruling on interest, which we vacate. We remand to the district court for the limited purposes of revising the award of interest to Halo and determining whether the supplemental damages award for direct infringement has been paid.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

COSTS

No costs.

---

is in a better position than we are to make a conclusive determination on that issue, which the court can address on remand.